15   521
126   362

No. 77.—F. BIVINS, plaintiff in error, *vs.* THE LESSEE OF WILLIAM VINZANT and others, defendants in error.

[1.] Before grant, the drawer of a lot of land, makes a deed for the lot to A; after grant, he makes a deed to B. Ejectment is brought by B against A: *Held*, that A's deed, though not sufficient, by its priority in date, to

Bivins *vs.* The Lessee of Vinzant and others.

estop B, is yet *admissible* in evidence for A; since it is a deed fit to help establish, in A, a title perfect in Equity.

Ejectment, in Dougherty Superior Court. Tried before Judge PERKINS, May Term, 1854.

The only question in this cause, arose upon a deed offered in evidence, from the grantee to the defendant in the Court below. The date of the deed was prior to the issuing of the grant. The other party claimed under a younger deed from the same party. The Court below rejected the deed as evidence of title, and this decision is assigned as error.

McCAY, representing VASON & DAVIS, and SULLIVAN, for plaintiff in error.

HINES and LYON, for defendants.

*By the Court.*—BENNING, J., delivering the opinion.

[1.] It appears, that on the 2d day of September, 1822, a grant was made by the State, to William Vinzant, for number one hundred and thirty-one, in the second district of Early county; that this lot had been drawn by Vinzant, in the land lottery authorized by the Land Lottery Act of 1818.

That on the 9th of September, 1822, Vinzant and his wife, by deed, conveyed the lot to Tippins; that from Tippins down to the plaintiff, there was a regular chain of title.

It also appears, that the same Vinzant, the drawer, on the 15th of January, 1821, before the existence of the grant, had also made a deed, with a clause of warranty against himself, his heirs and assigns, and against all persons, for the same lot, to another person, one Douglass; and that this deed was recorded on the 28th day of May, 1836.

That the defendant offered this deed in evidence; that the plaintiff objected to its being received in evidence, on the ground that it had been made before the issuing of the grant; that upon this objection the Court decided, "that said deed

might be proper evidence to go to the Jury, to sustain a color of title, under the Statute of Limitations, but was not legal evidence to show title out of Vinzant, the drawer".

That to this decision, the defendant excepted. These are the main facts which appear in the case.

The only question, therefore, is this : was the Court right in excluding the old deed from the Jury ?

It was argued for the plaintiff in error, that the older deed *estopped* the maker of it, and *his assigns,* from saying that the maker had nothing in the land, at the time of the making of that deed, and caused any title, subsequently acquired by the maker of it, to enure to the benefit of the donee in that deed. And consequently, that the title acquired by the grant, enured to the benefit of the older deed, and that the younger deed, although executed after the issuing of the grant, was thus, in effect, made void by the older, which was executed before the issuing of the grant.

If this argument is good, it is clear that the Court was wrong in excluding the older deed. Therefore, is it good ?

This older deed purports to be an indenture, but it is not one ; for it is not executed by both parties. It is executed only by the donor. This being so, it can have no more effect than a deed-poll would have ; and a deed-poll could not operate as an estoppel upon the donee. *Littleton* says : "But, in such case, (that of a term for years,) it behooveth that the lessor be seized in the same tenements, at the time of his lease ; for it is a good plee for the lessee to say, that the lessor had nothing in the tenements at the time of the lease, except the lease be made by deed, indented, in which case such plee lieth not for the lessee to plead". (1 *Coke's Litt.* 43 *b.*) This is approved by *Coke,* (*Ib.* 47, *b.*) And see 2 *Ib.* 363, *b. Cruise's Dig. " Deed",* [*ch. XX. sec.* 64. *Bac. Abr. Leases, " O".*

This seems to be the result of the authorities, if the deed be considered to be, in effect, a deed-poll.

Let it be assumed, however, that the deed is to have the effect of an indenture, executed by both parties. Will it, in that case, estop the donee, in the younger deed, from saying,

the donor had nothing in the land, at the making of the older deed; and will it make the donor's title, subsequently acquired by the issuing of the grant, enure to the benefit of the donee, in that older deed ?

The case of *Right, on the demise of Jeffreys, and others, vs. Bucknell and others,* (2 *Barn. & Adolph.* 278,) is directly to the contrary. The head note is : " A, having an equitable fee in certain lands, mortgaged the same to B, by lease and release. The release recited that A, was legally *or equitably entitled* to the premises conveyed, and the releasor covenanted that he was lawfully *or equitably* seized in his *demesne* of, and in, and otherwise well entitled to the same. The legal estate was subsequently conveyed to A, and he afterwards, for a valuable consideration, conveyed the same to C, upon ejectment brought by B against C.

" *Held,* first, that there being in the release, no certain and precise averment of any seizin in A, but only a recital and covenant that he was legally or *equitably* entitled, C was not thereby estopped from setting up the legal estate, acquired by him after the execution of the release.

" *Held,* secondly, that the release did not operate as an estoppel by virtue of the words, " granted, bargained, sold, aliened, remised, released", &c. because the release passed nothing but what the releasor had at he time ; and A had not the legal title in the premises, at the time of the release".

This decision seems to be supported by authority which is cited. And see *Doe ex Dem. Higginbotham vs. Barton et al.* (11 *Adolph. & Ellis,* 307.) *Doe ex Dem. Lumley vs. Scarborough,* (3 *Ib.* 2.)

But this older deed contains a clause of warranty against the donor, his heirs and assigns, and against all persons. Does not that make a difference ?

*Littleton* says : " *Also these words which are commonly put in such releases,* scilicet *(quae quovismodo in futurum, habere potero,) are as void in law ; for no right passeth by a release, but the right which the releasor hath at the time of the release made. For, if there be father and sonne, and the father be*

*disseised, and the sonne (living his father) releaseth by his deed, to the disseisor, all the right which he hath, or may have, in the same, without clause of warrantie, &c. ; and after the father dieth, &c. the`sonne may lawfully enter upon the possession of the disseisor, for that he had no right to the land in his father's life, but the right descended to him, after the release made by the death of his father, &c."* (*Co. Litt. sec.* 446.) And *Coke*, commenting on the expression, "*without clause of warrantie*", says : "For, if there bee a warrantie annexed to the release, then, the sonne shall be barred. For, although the release cannot barre the right for the cause aforesaid, yet, the warrantie may rebut and barre him and his heirs, of a future right, which was not in him at the time, and the reason (which, in all cases, is to be sought out,) wherefore, a warrantie being a covenant, real, should barre a future right, is for avoiding of circuitie of action, (which is not favored in law,) as he that made the warrantie should recover the land against the testenant, and he, by force of the warrantie, to have as much in value against the same person".

The reason, then, why warranty in the case of a release, which has in it the words: "*quae quovismodo in futurum habere potero*"—what I may in any manner *hereafter* have— operates as an estoppel, is to prevent circuity of action. Now, unless the release contains these words, or the like of them, a warranty does not estop, even the releasor himself; for, in such case, it only extends to what he *has*, not to what he *may afterwards have.* In such case, it does not appear to be the *intention* of the parties to the release, that the warranty shall extend to *future* intests acquired by the warrantor.

There are no such words in *this* older deed.

Again, the donee in the second deed is not liable to suit upon the first deed. He is neither party nor prior to that deed.

In the case before this Court, therefore, the reason which, in a release, makes a clause of warranty operate as an estoppel, viz : to prevent circuity of action, does not exist.

In the very learned note of *Hare & Wallace*, to "*Doe vs.*

*Oliver, Duchess of Kingston's case"*, in the second volume of *Smith's Leading Cases,* 458, it is remarked : " But it nowhere appears that the effect of a warranty in a conveyance, void for the want of a present estate, was to act as an estoppel and transmit an interest, subsequently acquired, since if such had been its operation, the Common Law rule, under which a contingent or future estate could not be passed by a mere deed to a stranger, would have been, in all respects, nugatory". That this would have been so, if such had been its operation, seems manifest.

It may be added, that if a warranty estops the warrantee, to say the warrantor had nothing in the land, it equally estops the warrantee from suing the warrantor for a *breach* of the warranty ; for, in suing him for such breach, the warrantee has, in effect, to say, that he, the warrantor, had nothing in the land when he made the warranty.

And it may also be remarked, that by our Registry Acts, a young deed, if well recorded, has precedence of an old deed, if not well recorded, instead of being, in any respect, estopped by the old deed.

Upon the whole, it may, without much doubt, be said, that the donee in the younger deed, was not estopped by the older deed from saying, that at the time of the making of that deed, the donor had nothing in the land. The argument, therefore, for the admission in evidence of the old deed, that he was so estopped, was not good, and the Court below might well disregard it.

Assuming, then, that the Court was right in holding that the old deed could not, as an estoppel, operate in favor of the defendant, was the Court right in also holding, that the deed could not otherwise operate in his favor, and therefore, that it ought to be excluded from the Jury ?

And this leads to the question—what operation the deed could have, if any ? and this to the question—what right did the drawer of the land—the maker of the deed—acquire by virtue of his draw, by itself, before the grant had been issued ? Was it such a right as could be vailable to him at all, in the defence

of the ejectment? . Was it such as might help to show, in him,. a perfect equity? For, according to *Pitts vs. Bullard,* (3 *Kelly's R.* 5,) a perfect equity will protect a defendant in. ejectment.

In the case of *Winter vs. Jones,* (10 *Ga. R.*) which grew out of the *purchase* from the State, of a fraction of land, this. Court held, that the payment to the State, of the consideration, (which it held to be the purchase-money,) alone, and apart from the grant-fee, clothed the purchaser, before the payment of the grant-fee, and before the issuing of the grant, with a perfect equity. The words of the Court are : " So, in this case, the State retained nothing but the naked title, and this she held as trustee for the purchaser." (205, 201.)

The principle of this decision is, that when the consideration for which the State agrees to part with its land, has been paid to it, the party payingt, has acquired a perfect equity to the land.

In *Garlick vs. Robinson,* (12 *Ga. R.* 340,) a case arising from the sale, under *fi. fa.,* of a lot of land which had been *drawn* by the defendant in *fi. fa.* in a land lottery, but as to which there had been no grant issued, or been any payment of the grant-fee, this Court held, the consideration for a grant, in the case of a lot drawn in a land lottery, to be the grant-fee.

The case now before this Court, is a case arising under a Land Lottery Act—that of 1818. It follows, therefore, that if, in this case, the grant-fee had been paid at the time when the old deed was executed, the maker of that deed—the drawer—was clothed with a perfect equity to the land, although the grant was then not out.

This deed, then, if it had been admitted in evidence, would, with the addition of proof of payment of the grant-fee, have made out a title in the defendant, perfect in equity. · It was a good *link* in a chain of title of that sort. And every link in a chain of title, is *admissible* in evidence, even if it turn out that some of the links cannot be supplied. The only effect of that contingency happening is, that the party fails before the

Jury, for want of sufficient evidence. So, in this case, if, after the introduction of this old deed, the party introducing it, had not shown the payment of the grant-fee, his case would have failed before the Jury. But unless he could have had this deed before the Jury, of what use to him would it have been, to prove the payment of the grant-fee, if he was able to prove it? There was no legal objection to the admissibility of this deed. The defendant claimed title under it. The case was such, that it was possible, by the help of it, for him to have made out a good defence. Under such circumstances, the Court was not at liberty to withhold the deed from the Jury. "The Judges of the Superior Courts shall not, in any case, whatever, withhold any grant, deed, or other document, from the Jury, under which any party in a cause may claim title, except such evidence of title as may be barred by the Act of Limitation". (*Pr. Dig.* 210.)

The Court, therefore, was wrong in not admitting the deed to the Jury. We say the deed was *admissible* in evidence, and that is all we say, or *can* say ; the case itself being so narrow, as to have room for no more. We cannot, therefore, go into the question, what might be the rights of these parties respectively, in Equity—what might be the effect, in Equity, of a notice of the older deed, by the claimants under the younger deed ; or, of their acquiring their title without paying for it a valuable consideration, and so forth.