## BANK OF CUMMING *v.* WALDRIP.

On the trial of a complaint for land in Cobb County, where the plaintiff's right to recover necessarily depended upon the validity of a sale of the land by a sheriff in the year 1837, before the issuing of the grant by the State, the court did not err in rejecting, on timely objection, the deed made by the sheriff pursuant to such sale, and a nonsuit necessarily followed.

No. 2215.   March 16, 1921.

Complaint for land. Before Judge Blair. Cobb superior court. July 20, 1920.

*H. L. Patterson* and *George F. Gober,* for plaintiff.

*J. P. Brooke* and *Bryan & Middlebrooks,* for defendant.

Gilbert, J.   Bank of Cumming brought a complaint against G. W. Waldrip for the recovery of a lot of land in Cobb County. The abstract of title attached to the plaintiff's petition showed a grant from the State to Isaac Waters, dated November 18, 1842; deed from Isaac Waters to James G. Shinholster, dated February 20, 1837; deed from Daniel May, sheriff of Cobb County, to Abraham Hargraves, dated May 2, 1837. This deed was made pursuant to a sale under a fi. fa. in favor of William Freeman against James G..

Shinholster, dated July 27, 1831; then by successive conveyances from Hargraves to the Bank of Cumming. The defendant admitted possession of the land, claimed title thereto, and denied the right of the plaintiff to recover. During the trial the plaintiff offered as evidence the above-mentioned sheriff's deed, to which the defendant objected on the ground that under the act of the General Assembly approved December 23, 1833 (Acts 1833, p. 121; Prince's Digest, 565), the sale of the land by the sheriff, previously to the issuing of the grant by the State, was void and conveyed no title to the purchaser, Hargraves. The court sustained the objection. This deed constituted a necessary link in the chain of the plaintiff's title; and it having been rejected, the court, on motion, granted a nonsuit. Error is assigned on the rejection of the deed and the resultant nonsuit, and this constitutes the sole issue in the case. Section 4 of the aforesaid act of 1833 is as follows: "From and after the passage of this act, sales or mortgages of land in said counties [Cobb and other counties], that may be hereafter made either by sheriffs or other person or persons, before the grant for the same shall have issued, shall be void and of no effect, either in law or equity." It will be observed that the grant from the State to Waters was more than five years subsequent to the execution of the deed from Waters to Shinholster. The levy upon and sale of the land by the sheriff was subsequent to the passage of the act of 1833, and previous to the grant from the State, at which time Shinholster possessed no leviable interest in the land; and under the terms of the act the sale was void. Consequently Hargraves obtained no title by virtue of the sale and could convey none. *Garlack v. Robinson*, 12 *Ga.* 340. Counsel for the plaintiff cite a number of cases dealing with sales of land obtained under grants from the State where the drawer had conveyed his title before the issuing of the grant. All of the decisions in these cases hold, in substance, that after the draw and before the grant the equitable title is in the drawer, and the legal title is in the State for the use of the drawer on his payment of the grant fee. This equitable title is transferable; when transferred, the legal title in the State becomes a legal title for the use of the transferee on the payment of the grant fee. Consequently, on the issuing of the grant to the drawer, the legal title passes through him, without stop, into the transferee, by virtue of the statute of uses. *Bivins* v. *Vinzant,* 15

*Ga.* 521; *Witzel* v. *Pierce,* 22 *Ga.* 112; *Henderson* v. *Hackney,* 23 *Ga.* 383 (68 Am. D. 529); *Dudley* v. *Bradshaw,* 29 *Ga.* 17; *Thursby* v. *Myers,* 57 *Ga.* 156; *Parker* v. *Jones,* 57 *Ga.* 204; *Pridgen* v. *Green,* 80 *Ga.* 737 (7 S. E. 97); *Cannon* v. *Young,* 92 *Ga.* 165 (17 S. E. 863). None of these cases, however, deal with the question here at issue, as to the validity of a sheriff's sale of such land previous to the grant by the State. The sheriff's deed was properly rejected, and the nonsuit necessarily followed.

*Judgment affirmed. All the Justices concur, except George, J., absent.*