McAFEE *v.* ARLINE.

The clause in a deed, "except the dower of fifty acres and fully described in deed given Corbin Banking Co.; the said tract or parcel of land hereby conveyed . . contains all the dwellings and gin-house except the old original dwelling-house," is strictly an exception. If it be impossible to ascertain the precise fifty acres, the owner of the entire tract with that exception would be tenant in common with the owner of that fifty acres.

(a) Where the description is uncertain, reference may be made to prior deeds conveying the same land; and an entire tract of land may be described by a general name by which it is known.

(b) The deed to the Corbin Banking Co. should have been introduced.

(c) The grant of a new trial as against the claimant as to the excepted part of the land levied on forming the only exception, no ruling is made as to the refusal to grant a new trial generally.

November 11, 1889.

Deeds. Exceptions. Reservations. Description. Evidence. Practice. Before Judge HINES. Johnson superior court. March term, 1889.

Reported in the decision.

A. F. DALEY, for plaintiff in error.

W. R. DALEY, *contra.*

BLANDFORD, Justice.

A writ of execution against Ephraim Hightower was levied upon a certain tract of land containing two hundred and five acres. John McAfee interposed a claim to the same, and upon the trial of the case McAfee relied upon a deed executed upon the 13th day of January, 1886, made by J. M. Hightower to said McAfee, which contains this exception: " except the dower of fifty acres and fully described in deed given Corbin Banking Co.; the said tract or parcel of land hereby

conveyed . . contains all the dwellings and gin-house except the old original dwelling-house." A verdict was had in favor of the claimant, and the court granted a new trial as to fifty acres of the tract levied on, and to this decision the claimant excepted and assigns error thereon.

The terms exception and reservation are often used in deeds indiscriminately, and sometimes what purports to be a reservation has the force of an exception. A reservation is a thing issuing out of the land granted, whereas an exception is a part of the land granted. This clause of the deed mentioned is strictly an exception. It is urged before us that inasmuch as the exception in this deed did not define the boundaries of the fifty acres in any way, the same was void, and that the court erred in granting this new trial. Where the description is uncertain, reference may be made to prior deeds conveying the same land, and an entire tract of land known by a general name may be described by such name. If it is not possible to ascertain the precise fifty acres of land mentioned in the exception, then the party owning the entire tract with the exception of the fifty acres would be tenant in common with the party owning the fifty acres so excepted. The error, if any, committed by the court was in not granting a new trial as to the whole case, under the evidence; but inasmuch as there is no exception to the refusal of the court to grant a new trial as to the whole of the land levied on, it is unnecessary for us to notice the refusal of the court so to have granted.

The grantor described the land as "my homestead farm situated in Buckfield," and described the various parcels of which it was composed, and gave a description of the last parcel as "twelve and one half acres of lot No. 8 in the first range." It was held that the whole parcel passed, notwithstanding that it contained

twenty-five acres. See Andrews *v.* Pearson, 68 Maine, 19; Devlin on Deeds, §1013. The deed for "one half of my lot," when it is shown by extrinsic evidence that the grantor owned but one lot in the place, is not void for vagueness and uncertainty in description. The grantee takes as a tenant in common an undivided one half of the lot. Lick *v.* O'Donnell, 3 Cal. 59.

The deed made to the Corbin Banking Company was not put in evidence, and it would seem that it ought to have been, before the court charged the jury.

*Judgment affirmed.*