## ALLEN et al. v. LINDSEY.

ATKINSON, J. 1. A deed executed by C. A. Lindsey in 1867, which purported to convey land described as "The following tract or parcel ·of land, to wit, two hundred and forty-five (245) acres lying and being in the county of Butts, known as the place whereon the said C. A. Lindsey now resides," is not void for uncertainty in description.

2. Subsequently to the execution and record of the deed referred to in the preceding note, the grantor died in 1868, leaving as his heirs his widow, the grantee named in the deed, and certain children. All of the heirs in 1872 entered into a written contract which recited the names of the several heirs, and declared that, "we . . do hereby contract and agree among ourselves, all being of the age of twenty-one years and capable of contracting for ourselves, to the following as a fair and equal distribution of the land belonging to said estate, the same being situated, lying, and being in the county ·and State aforesaid, containing 245 acres more or less, the said Julia consenting to take one third of the said lands to be held by her under the law of dower in said estate and under the same limitations and restrictions of dower as though the same had been assigned to her under a proper proceeding in court for that purpose, that is to say, the said widow consenting, and we the undersigned agreeing, that she shall take the following described portion of said land containing eighty-one acres more or less, and upon which is situated the dwelling-house of said deceased; the description of the metes and bounds of her parcel is as follows: . . And we consent and agree that James M. Lindsey shall have the following parcel of said lot, to wit: . . containing fifty-four acres, more or less. And we consent and agree that Frances Slaughter, wife of Ezekiel Slaughter, shall have the following described part or parcel of said land, to wit: . . the same to contain fifty-four acres, more or less, of said lot of land. And we consent and agree that Robert P. Lindsey shall have the following part or parcel of said lot of land to be described as follows: . . containing 54 acres, more or less." Held, properly construed, this instrument was a family agreement for the division and distribution of the land referred to in the deed as a part of the estate of the grantor, and the effect thereof, relatively to the portion reserved to the widow as for dower, was to leave a life-estate only in her, with remainder over to the other heirs of the estate.

3. Where part of the land set apart to the widow in accordance with the agreement recited above was sold under an execution against her, a sheriff's deed made in pursuance of such sale was effective to convey to the purchaser only an estate for the life of the widow, and this terminated upon her death in the year 1910.

4. Where ejectment was brought against the purchasers at the sheriff's sale, subsequently to the death of the widow, the court erred in directing a verdict for the defendants, and properly granted a new trial upon motion by the plaintiff. *Judgment affirmed. All the Justices concur.*

APRIL 15, 1913.

Ejectment. Before Judge Daniel. Butts superior court. August 19, 1912.

*O. M. Duke,* for plaintiffs in error.

*John R. L. Smith* and *W. A. Thompson,* contra.