## BONEY *v.* CHESHIRE.

HILL, J. 1. The petition is not open to the criticism that it is multifarious because it asks for both specific performance of the contract and damages for the alleged breach thereof. The prayer was in the alternative. Where the specific performance is impossible, or the vendee declines to accept performance in part, the court may proceed to assess damages for the breach of the contract. Civil Code, § 4639.

2. Failure of a petition for specific performance of a contract to allege that the contract was in writing can not be taken advantage of by demurrer. Such failure raises no presumption that the contract exists only in parol. A party may not set out his evidence in his pleadings. *Anderson* v. *Hilton & Dodge Lumber Co.,* 121 *Ga.* 688 (49 S. E. 725).

3. The description, in an agreement to convey, "Certain real estate of the plaintiff known as No. 48 Angier Avenue in the City of Atlanta, Fulton County, Georgia," is not so indefinite as to render it void for uncertainty and subject to general demurrer. *Bush* v. *Black,* 142 *Ga.* 157 (82 S. E. 530); *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960).

4. Nor is the description, in an agreement to convey, "A certain tract of land located in Troup County, State of Georgia, in the 4th land district, and being one hundred and thirteen and one half acres from the east side of land lot 54, all of land lot 49, six acres in the immediate northeast corner of land lot 21, 112 acres from land lots 20 and 21; said tracts comprising approximately four hundred acres, and being the same property as described in deed recorded among Troup County records in Book 10, p. 656, and known as the Roberts place," so indefinite as to render it void and subject to general demurrer. It is sufficiently definite to admit parol evidence to fix its boundaries. *Lyle* v. *Phillips,* 141 *Ga.* 618 (81 S. E. 867); *Clark* v. *Cagle,* 141 *Ga.* 703 (2), 707 (82 S. E. 21, L. R. A. 1915A, 317); *Johnson* v. *McKay,* 119 *Ga.* 196 (45 S. E. 992, 100 Am. St. R. 166); *Oatis* v. *Brown,* 59 *Ga.* 711. See *Wellmaker* v. *Wheatley,* 123 *Ga.* 201 (5), 204 (51 S. E. 436); *Allen* v. *Lindsey,* 139 *Ga.* 648 (77 S. E. 1054).

5. An agreement to convey certain described real estate to a vendee in con-

sideration of the conveyance of certain other real estate by the vendee is on such a valuable consideration as will support a contract.

6. The other assignments of error are without substantial merit.

7. The court did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*

MAY 17, 1917.

Specific performance. Before Judge Bell. Fulton superior court. April 20, 1916.

Mrs. L. C. Cheshire filed a petition against Mrs. Edwin M. Boney, formerly Mrs. N. M. Myers, and alleged substantially as follows: On or about April 29, 1915, plaintiff and defendant entered into a contract for the exchange of certain property, wherein it was agreed that defendant would purchase of the plaintiff certain real estate "known as No. 48 Angier Avenue in the City of Atlanta, Fulton County, she to assume a loan thereon of twenty-six hundred dollars, and defendant agreeing to convey to petitioner a certain tract of land located in Troup County, State of Georgia, in the 4th land district, and being one hundred and thirteen and one half acres from the east side of land lot 54, all of land lot 49, six acres in the immediate northeast corner of land lot 21, 112 acres from land lots 20 and 21; said tracts comprising approximately four hundred acres, and being the same property described in deed recorded among Troup County records in Book 10, p. 656, and known as the Roberts place, petitioner herein agreeing to pay, in addition to exchange of property, the sum of six hundred dollars ($600.00) either by giving notes therefor, or cash, at her election." In pursuance of the agreement petitioner examined the titles to the property of defendant, has been willing, ready, and able at all times to comply with the terms of the contract as imposed on her, and has offered so to do, and has tendered to defendant the six hundred dollars ($600.00) and deed of conveyance to her property at 46 [48?] Angier Avenue. Defendant has failed and refused to accept the tender and to execute a conveyance to petitioner to the farm in Troup County as herein described, and still fails and refuses to comply with her contract, without any cause. Petitioner has incurred the expense of attorney's fees in attempting to effectuate the sale and exchange and in an effort to complete the transaction and to compel compliance with the terms of the contract. Her damages are difficult to compute, and are irreparable. She is and has been willing at all times to comply with the terms of her con-

tract, and offers to do so; and the defendant should be required to execute to her proper conveyances of the property in accordance with the terms of the agreement. Her damages exceed $1,000. She prays that specific performance be decreed, and that the defendant be required to execute proper conveyance of the property agreed to be conveyed; and, in the event specific performance can not be decreed, that the plaintiff have judgment against the defendant for damages in the sum of $1,000. A demurrer to the petition, on various grounds, was overruled, the defendant excepted.

*Neufville & Neufville,* for plaintiff in error.

*Moore & Pomeroy,* contra.