### DAVIS *v.* FLOWERS.

1. It is essential to the validity of a decree of a court of equity which is based on a general verdict that the decree shall conform to the pleadings in the case. The court erred in rendering the decree upon which error was assigned.
2. Under the principle stated in the preceding note, the court did not err in refusing to render a decree as proposed by the plaintiff in whose favor the verdict was rendered.

No. 2994. SEPTEMBER 26, 1922.

Specific performance. Before Judge Hutcheson. DeKalb superior court. December 9, 1921.

This case comes by direct bill of exceptions in which the only complaint made is as to the substance of an appropriate decree that should be rendered in the case, which was a suit for specific performance. The case as presented by the record before this court may be stated as follows: A written contract was entered into, which, so far as necessary to be stated, was as follows: " $50.00 Atlanta, Ga., 6/2/1919. Received of A. O. Davis fifty and 00/100 dollars, as part of the purchase-money on the following described property [property definitely described] . . which, on and for account of the owner, we have this day sold to the purchaser above named, subject to the titles being good, for the sum of $22,500.00 dollars, to be paid as follows: $5000.00 cash, assume three notes of $5000.00 each, due in one, two, and three years, at 6%, and give one note for $2500.00 due in one year from date, to read on or before.

        T. H. Simmons Realty Co. Per T. H. Simmons.

" I hereby agree to purchase the above-described property on the terms and conditions above named.

                    A. O. Davis, Purchaser.

" I hereby approve of the above-mentioned sale on the terms and conditions named, and agree to pay T. H. Simmons Realty Co., Real Estate Agents, on the date formal transfer is made, a commission of one thousand dollars. Davis note of ($1000.00).

        J. E. Flowers, Owner and Vender, By T. J. S.

" Approved. J. E. Flowers."

On July 3, 1919, Davis wrote Flowers a letter which the latter received, stating that the writer would accept the property " and complete the purchase without further delay. I would suggest you come in to Atlanta Monday morning July 7th, and call at my office upon arrival, when the matter will be arranged to your satisfaction. This in line with our understanding of yesterday." On February 10th, 1920, Davis instituted an action against Flowers for specific performance of the contract, and injunction to prevent Flowers from changing the status of the property. The petition alleged all that is stated above, and set out copies of the papers above mentioned and made them parts of the petition. Other allegations of the petition were, that defendant is owner of the property subject to certain encumbrances fully set forth in bond for title from J. R. Smith and J. H. Ewing to said J. E. Flowers;

that notwithstanding petitioner's acceptance of the property as indicated by his letter (above mentioned) of July 3d, 1919, the defendant failed and refused to comply with the terms of the contract; that on January 3, 1920, petitioner again offered and personally tendered defendant $5000 in lawful money, and his personal note for $2500; and offered to assume the payment of the three notes of $5000 each, according to the terms of the contract, "on condition that" the defendant should "execute and deliver to him the title to the said property hereinbefore described;" that the defendant then and there refused to accept such offer and tender, and still refuses so to do, and refuses to carry out the contract of sale; that defendant is endeavoring to make other disposition of the property, and is likely to do so unless enjoined. In his answer the defendant admitted the allegations as to execution of the contract and his ownership of the property, and, in conjunction with specific denial of all other paragraphs in the petition, averred substantially: (*a*) that on several occasions prior to July 3, the defendant demanded that the plaintiff pay the cash payment and close the deal, which demands were refused on an unfounded pretense that "there was a flaw" in defendant's title; (*b*) the alleged tender on January 3, 1920, was too late; it did not offer interest from June 2, 1919, the date of the contract; it did not offer notes properly executed, with documentary stamps attached, bearing date from June 2, 1919; it would be unreasonable and inequitable to require defendant to close a deal for land contracted to be sold in June, 1919, at the price of $450 per front foot, after the property had risen on the market to $600 per front foot; (*c*) that defendant has the right to make other disposition of the land, plaintiff "having abandoned all his rights by lapse of time and failure to carry out his contract." For further answer defendant alleged that the fifty dollars receipted for in the contract as part of the purchase-price was paid by the plaintiff to the realty company which negotiated the sale, and never reached defendant; that plaintiff knew that he paid it to the real estate agent and not to defendant, and paid it at his own risk; that defendant has received nothing of value from the plaintiff to bind the trade.

The foregoing states the substance of all the pleadings. The bill of exceptions states that at the final trial before the court

and jury the attorneys agreed that the form of the verdict should be, "We, the jury, find for the plaintiff," or that it should be, "We, the jury, find for the defendant," accordingly as they should find for one or the other party. The verdict returned was: "We, the jury, find for the plaintiff, Nov. 10th, 1921." There was no motion for a new trial or other objection to the verdict. But on the basis of the verdict the plaintiff, on December 6, 1921, requested the court to enter the following decree, which on December 9, was refused:

"Whereupon it is ordered, adjudged and decreed by the court that the contract dated June 2, 1919, and set out in the above-stated case as the foundation of said suit, be specifically performed, and the defendant, J. E. Flowers, is hereby directed and ordered to comply with the terms of said contract, provided the plaintiff, A. O. Davis, complies with the terms of said contract and this decree within ———— days from the date of this decree. It is further ordered and decreed that the plaintiff, A. O. Davis, pay to the defendant, J. E. Flowers, the sum of five thousand ($5,000.-00) dollars cash; that he execute three notes, payable to the said defendant, due in one, two, and three years from date of this decree, for the sum of five thousand ($5,000.00) dollars each, with interest at the rate of six (6%) per cent. per annum from date of said notes; that he execute one note for the sum of two thousand five hundred ($2,500.00) dollars, due one year from date, to read "on or before," with interest at the rate of six (6%) per cent. per annum from date of note. It is further ordered, adjudged, and decreed that on the execution of the notes herein mentioned and the payment of the five thousand ($5,000.00) dollars, as set out in this decree, that the said defendant, J. E. Flowers, transfer bond for title held by him to plaintiff, covering the property in dispute, with all his right, title, and interest in and to the said property, and that he deliver possession of the same to said plaintiff [describing it]. It is further ordered that the said bond for title be properly transferred and deposited in escrow with some reliable party, to be delivered to plaintiff, A. O. Davis, on payment of purchase-price of said real estate in full. This ———— day of ————————, 1921."

On refusing to render such decree the court rendered a decree as follows: "Whereupon it is ordered, adjudged, and decreed by

the court that the contract dated June the 2nd, 1919, and set out in the above-stated case as the foundation of said suit be specifically performed, and the defendant, J. E. Flowers, is hereby directed and ordered to comply with the terms of said contract as of date, July 7th, 1919, and the plaintiff, A. O. Davis, is ordered to comply with terms of said contract as of date July the 7th, 1919, and comply with this decree by January 1st, 1922. It is further ordered and decreed that the plaintiff, A. O. Davis, pay to the defendant, J. E. Flowers, the sum of seventeen thousand and five hundred dollars, cash, with interest on the same at the rate of six per cent. per annum from July the 7th, 1919, to date of this decree. Said interest amounting to two thousand, five hundred and thirty-seven dollars and fifty cents. It appearing to the court that one of the notes for five thousand dollars, which plaintiff was to assume and pay and on which said note J. E. Flowers has paid the interest to December the 12th, 1921, it is ordered that plaintiff pay the sum of seven hundred and twenty-five dollars interest to defendant, that being the amount of interest paid by the defendant on said note pending this suit, and said note is assumed by the said plaintiff A. O. Davis, and he is to pay the said note of five thousand dollars and all future interest thereon. It is further ordered and decreed that the said defendant pay the plaintiff the sum of two thousand and eighty-five dollars, the same being the rents and profits received from the premises in dispute from July the 7th, 1919, to date of this decree, less sums of money paid out by said defendant on repair bills and taxes from July the 7th, 1919, to the present time, amounting to nine hundred and seventy-three dollars and ninety-five cents. It is further ordered, adjudged, and decreed, that on payment of the said sums of money above set out in this decree, less the amounts to be deducted as set out in said decree, that the said J. E. Flowers transfer, assign, and set over to the plaintiff, A. O. Davis, all his rights, titles and interest of, in, and to the following described real estate, to wit: [describing it]. It is further ordered that in case plaintiff, A. O. Davis, fails to comply with terms of this decree by January 1, 1922, then this decree to be null and void as to J. E. Flowers, the defendant, and in that case judgment is rendered against the plaintiff for ———— dollars costs of this suit. Should the said A. O. Davis comply with terms of this

decree in said time limit, then judgment is rendered against the defendant for —————— dollars costs of this suit."

The plaintiff came by direct bill of exceptions, the only assignments of error being: (1) That the court erred in rendering the decree, on the grounds that (*a*) it is not authorized by the contract, because it compels plaintiff to make a cash payment of $17,500 with interest from July 7, 1919, whereas the contract required cash payment of only $5000, the effect of such decree being to deprive the plaintiff of the credit feature of his contract, whereby he was to have one, two, and three years time in which to make deferred payments; (*b*) the decree does not require specific performance of the contract sued on as of July 7, 1919, but requires performance of a new contract as of date December 9, 1921; (*c*) the decree does not follow the pleadings and evidence, but undertakes to set up a new and independent contract of December 9, 1921, and undertakes to force an accounting, which was not authorized by the pleadings of either party. (2) That the court erred in refusing to render a decree as requested by the plaintiff, because such decree would follow the verdict and pleadings and carry out the terms of the contract to be performed as of July 7, 1919.

*J. V. Poole,* for plaintiff.    *T. J. Ripley,* for defendant.

ATKINSON, J.  1.  It is stated as a general rule in 3 Enc. Pl. & Pr. 357: "Although the plaintiff may make out by proof a case which entitles him to relief, yet he can have no decree unless the allegations of the bill are adapted to the case proved; for the court pronounces its decree *secundum allegata et probata.*"  See also 21 C. J. 670, § 845; Ib. 672, § 855. This court applied the principle in *Hickson* v. *Mobley,* 80 *Ga.* 314, 326 (5 S. E. 495), in which a complainant in her bill expressly disclaimed title to a certain lot of land involved in the controversy.  The basis of the disclaimer was certain evidence which upon the trial the auditor to whom the case had been referred found to be untrue.  Relatively to the lot in question the auditor found against the complainant, and on exception to the auditor's report the trial court approved the finding of the auditor, and on exception to this court the judgment of the trial court was affirmed.  In the course of the opinion it was said: "There is an express allegation that she does not claim this lot of land.  In other words, she admits in her

bill that she has no right, under the facts as she charges, to re-
cover this land; that it does not belong to her. Her counsel con-
tended that while this allegation was in the bill, the facts which
led her to make the allegation were not found to be true by the
auditor, and, as she was mistaken as to the facts on which the
allegation was based, she ought, in a court of equity, to be allowed
to recover, she having a prayer in her bill for general relief. It
appears that this report was filed by the auditor several months
before it was submitted to the judge. Counsel for the complain-
ant, therefore, must have known what the report of auditor was,
and they had ample time to amend the bill, either by striking out
this allegation or by putting it in the alternative." The prin-
ciple was again applied in *McDaniel* v. *Mitchell*, 95 *Ga.* 40 (21
S. E. 993). This court held: " Where an equitable petition, filed
for the purpose of obtaining specific performance of an alleged
parol contract for the sale of land, was met by answers setting
forth facts showing that the plaintiffs were not entitled to the
relief prayed for, but containing no prayer for affirmative or
specific relief against the plaintiffs, and there was a general ver-
dict for the defendants, upon which a judgment for costs was
entered against the plaintiffs, it was not error to deny a motion
subsequently filed by the defendants to so amend this judgment as
to make it adjudge that the title to the land in controversy was
in one of the defendants, and direct that a writ of possession do
issue in his favor." In the course of the opinion it was said:
" From the preceding statement of the pleadings, it will be ob-
served that neither of the answers contains a prayer for affirma-
tive or specific relief of any kind against the plaintiffs. The
answers are, in effect, a mere general denial of the plaintiffs' cause
of action, without more. While it may have been perfectly proper
and germane for the defendants to have prayed for the relief
sought by the motion they afterwards made to amend the judg-
ment, yet, as they did not do so, we are unable to perceive either
how the jury could have found they were entitled to this relief,
or the court could have so adjudged. There was nothing in their
pleadings to authorize a verdict or judgment of this kind. It is
a fundamental principle that all judgments must be based on
proper pleadings, and that all judgments must follow the verdicts
upon which they are founded. If the defendants could not, at

the term when the case was tried, have had a verdict for the particular relief in question, they could not, of course, either then or subsequently, obtain such relief by a mere motion to amend the general judgment for costs which had been entered up in their favor." See also *Hicks* v. *Marshall*, 67 *Ga.* 713; Civil Code, § 6279; *Martin* v. *Nichols*, 127 *Ga.* 705 (56 S. E. 995).

The verdict rendered in the present case was a mere general verdict for the plaintiff, and could apply to all matters embraced in the pleadings, but not to any matter that was not so embraced, whether or not they should fall within the range of the evidence. On application of the principles stated, the verdict based on the pleadings in this case did not authorize the judge to decree otherwise than to require the defendant to convey the property to plaintiff subject to the encumbrances thereon as set out in the bond for title from J. R. Smith and J. H. Ewing, upon payment by plaintiff of $5000 cash, execution of his note for $2500, and his assumption of the three notes mentioned in the contract for $5000 each, due in one, two, and three years, bearing interest at the rate of six per cent. per annum. The decree as rendered went far beyond this, and required things of which there was no mention and for which there was no foundation in the pleadings. It is probable that evidence was introduced on the trial as to such foreign matters or changed condition, and on the basis of such evidence the court was undertaking to mold a decree, as contended in the brief of counsel for plaintiff in error that he had a right to do under the Civil Code, § 5426, which authorizes the molding of decrees so as to "meet the exigencies of each case," but that law does not dispense with the necessity of appropriate pleadings as foundation for molding decrees. It follows that on account of the inclusion, in the decree, of the matters above referred to which were not properly allowable, the judge erred in granting the decree upon which error was assigned.

2. From what has been stated in the preceding division it is manifest, without further statement, that the proposed decree which the judge refused to sign was inappropriate in part, and the judge did not err in refusing to adopt that form of decree.

*Judgment reversed. All the Justices concur.*