GREENWOOD *v.* GREENWOOD *et al.*

No. 7969. September 17, 1931.

*Mitchell & Mitchell,* for plaintiff.

*D. K. Johnston,* for defendants.

Beck, P. J. Mrs. Jessie L. Greenwood filed an equitable petition against B. H. Greenwood and Joe Combs. The defendants filed an answer. The plaintiff seeks to have set aside a deed executed by her to the defendant B. H. Greenwood, dated June 15, 1921, conveying a described tract of land, which is referred to in the report of the auditor as "the farm land." The plaintiff's petition alleges that a portion of this farm land was exchanged for certain property on Spring Street, in the City of Atlanta, which is described in the petition, and title to this was taken in the name of the defendant B. H. Greenwood; and she seeks an accounting as to that property, and also to have title decreed in her to her proportionate interest therein. This property is referred to as "the Spring Street property." Plaintiff also prays for an accounting. and a judgment for the value of the rentals of the property in question. After hearing evidence the auditor in his report found that the land in controversy belonged to the plaintiff, Mrs. Jessie L. Greenwood, thus sustaining the contentions made in her petition that the deed executed and delivered by her to the defendant did not convey the title out of her, for the reasons alleged in the petition, but that the deeds were void; and this finding was made the judgment of the court below, to which exception is taken.

But the auditor rendered in favor of the defendant, B. H. Greenwood, a general judgment against Mrs. Jessie L. Greenwood for the value of repairs and improvements made on the premises, and for the money expended in paying off certain encumbrances, etc., and found generally that "the plaintiff, Mrs. Jessie L. Greenwood, is indebted to the defendant B. H. Greenwood in the sum of $24,-212.73, together with interest $4,067.88, less the sum of $9,243.40,

344

together with interest thereon amounting to $1,799.59; or a total in favor of B. H. Greenwood of the sum of $17,237.68, and that he have a special lien for the payment thereof upon the Spring Street property, which lien of course is subject to the first loan now outstanding on said property." To this finding of a general judgment, which is also made a special lien upon specified property, exception is taken by the plaintiff upon the ground that there are no pleadings filed by the defendant B. H. Greenwood which would authorize such a judgment. We are of the opinion that this contention is well taken. The suit, as we have seen, is one to have certain deeds declared void upon grounds stated, and have the title to the property decreed to be in the plaintiff; for accounting, and for general relief. The answer of the defendant is a denial of the essential allegations showing a right of the plaintiff to have the deed referred to declared null and void and the title to the property decreed to be in herself. There is nothing in the pleadings to show that the defendant paid out money or that he paid off encumbrances on the property which would entitle him to be repaid by the plaintiff or which would give him any rights by way of subrogation, and there is no prayer for any judgment against the plaintiff. In other words, the allegations in the answer look merely to defeating the rights of the plaintiff to recover the property in question, or to have the title thereto decreed in her, or to recover a money judgment against the defendant. In view of this, the auditor was not authorized to find a general judgment such as that rendered in this case against the plaintiff. If the defendant had desired to recover a judgment against the plaintiff and not merely to defeat her claim of title, there should have been a prayer for this positive relief in the answer. This is true generally, but it is especially true in this case that the defendant can not have such a judgment under the pleadings as they stand; because a large part of this judgment would necessarily be based upon the theory that defendant, having paid off certain encumbrances or liens, was entitled to recover the amounts thus paid on the theory that he was subrogated; and the defendant could not recover on such a theory of subrogation unless the facts entitling him to subrogation were distinctly pleaded and the right of subrogation claimed. It is true that in one paragraph of his report the auditor says that he does not find for the defendant upon the theory of subrogation; but a large part of the

amount allowed could not have been allowed except upon the doctrine of legal subrogation. This ground alone compels a reversal of the judgment and a rehearing of the case before the auditor or before the court.

There are numerous exceptions to the findings of fact of the auditor, or to his findings of law which are based upon the facts; but it is not necessary to pass upon these exceptions, in view of the ruling that we have made above as to the fatal defect in the judgment. But it is just as well to point out that the exceptions to the findings of fact and the exceptions to the findings of law do not contain the evidence which would enable this court to pass upon the exceptions, nor is the page of the record where such evidence appears specified; and under numerous decisions of this court exceptions of this character do not raise any question for determination here. The judgment of the court below must be reversed upon the ground that the judgment excepted to was not authorized under the pleadings in the case.

*Judgment reversed. All the Justices concur.*