WHITE *et al. v.* SPAHR.

No. 17087.  MAY 10, 1950.  REHEARING DENIED JUNE 16, 1950.

16

*Wheeler, Robinson & Thurmond,* for plaintiffs.
*E. C. Brannon,* for defendants.

HAWKINS, Justice. (After stating the foregoing facts.) 1. It is contended by the plaintiffs that the verdict and decree in favor of the defendant should be set aside on the general grounds of the motion for a new trial, and we will first dispose of this question.

It appears from the record in this case that the defendant's deed does not refer to lot No. 67, and it is contended by the plaintiffs that, this being true, he can have no valid claim to any part of lot 67.

It is contended by the defendant that, while his deed calls for parts of lots 62 and 63, by following the boundaries given in the description of the land in his deed and the physical monuments therein referred to, a portion of lot No. 67 is included therein.

This court will take judicial cognizance of the fact that lots 62, 63, 66 and 67 of the Third Land District of White County, Georgia, are in the shape of a square, that they contain 250 acres each, and that lot 67 is south of lot 62. *Bridges* v. *Brackett,* 205 *Ga.* 637, 640 (54 S. E. 2d, 642).

By reference to the plats appearing in the record, and to the evidence adduced upon the trial, it appears that the land in dispute consists of approximately 10 or 10½ acres, located in the northern part of lot 67, and that the dispute as to the line arises from the following portion of the description contained in the defendant's deed, and in the deed of his immediate predecessor in title: "thence up the ridge along the original line to a rock corner on the high ground of the ridge; thence to a rock corner on the east side of the Cleveland and Hiawassee Road at the northwest side of the old house place." No other boundary as given in the defendant's deed is in dispute. It is not contended that the boundary of the defendant's land does not follow Dukes Creek in land lot No. 62 until it reaches the original south line of said lot, which is the north line of lot 67. The defendant contends that, after Dukes Creek reaches the original line, the boundary as called for by the deed, "thence up the ridge along the original line to a rock corner on the high ground of the ridge," follows the original line only a short distance, and then follows "up the ridge (but not along the original line) to a rock corner on the high ground of the ridge," which he designates as

the Meade corner, and describes it as being a rock sitting in the ground, and located on the high ground of the ridge, and extends 10 inches above the ground on the north side, on the south side 9 inches, on the west side 7½ inches, and the east side 5½ inches wide, and that from this rock the line runs in a northwesterly direction "to a rock corner on the east side of the Cleveland and Hiawassee Road at the northwest side of the old house place, thence in a northerly direction along said Cleveland and Hiawassee Road to the point of beginning—containing 50 acres of land, more or less." It was further testified by the defendant that by no other way, and by following no other course, can the location of the "corner on the east side of the Cleveland and Hiawassee Road at the northwest side of the old house place" be reached; and that, if these physical boundaries and monuments as called for in the deed be followed, they necessarily include the portion of lot 67 claimed by him.

It is contended by counsel for the plaintiffs that, since the defendant's deed described the line in question as thence up the ridge "along the original line to a rock corner," the line could be run in no other direction than "along the original line" between lots 62 and 67 until it reached the point called for in the deed, to wit, a rock corner on the high ground of the ridge, and that the court should have instructed the jury that the line could be run only "along the original line" between these two lots, and in no other direction, thus excluding any part of lot 67.

In support of this position counsel for the plaintiffs rely upon the decisions of this court in *Miller* v. *Rackley,* 199 *Ga.* 370 (34 S. E. 2d, 438), *Heatley* v. *Long,* 135 *Ga.* 153 (68 S. E. 783), and *Thurmond* v. *Thurmond,* 179 *Ga.* 831 (177 S. E. 719). It is true that in these cases it was held: "The construction of an unambiguous deed, including the determination of the quantum of estate thereby conveyed, is a question of law for the court; and no attack being made on the validity of the deed, it is the duty of the court to instruct the jury what is its legal effect as determined by him." As we view this case, this principle has no application here, for the reason that the question presented is not one involving the quantum of the estate conveyed by the deed, but the main and controlling question is the proper location of the line called for by the deed, and this presents a ques-

tion of fact which must be determined by the jury, in the light of the following legal principles which have been announced by this court. In *Harris* v. *Hull,* 70 *Ga.* 831, 840, it is said: "What is most material and most certain in a description shall prevail over that which is less material and less certain. 'Thus courses and distances shall yield to natural and ascertained objects.' 'Indeed, it seems to be a universal rule that course and distance must yield to natural, visible and ascertained objects.' This rule is founded 'upon the legal presumption that all grants and conveyances are made with reference to an actual view of the premises by the parties thereto.' This presumption is strengthened in this case by the fact that an actual view of the premises was had before the conveyance was taken. Again, 'whenever in the description of land conveyed by deed, known monuments are referred to as boundaries, they must govern, although neither courses nor distances nor the computed contents correspond with such boundaries.' " See also *Barrett* v. *Dodd,* 206 *Ga.* 840 (59 S. E. 2d, 395), and cases there cited. While the deed here under consideration describes the line in question as extending "along the original line," this refers to a course only and that part of the description, "thence up the ridge . . to a rock corner on the high ground of the ridge," refers to natural, visible, and ascertainable objects, and these are more material and more certain and must prevail over the less material and less certain "the original line." Nor is the fact that the deed here under consideration describes the land as being in lots 62 and 63 absolutely controlling so as to exclude any land in lot No. 67, for in *Thompson* v. *Hill,* 137 *Ga.* 308, 315 (73 S. E. 640), it was said that "a reference to a number on a plat is not sacrosanct, regardless of everything else in the deed"; and attention was there called to the decision of this court in *Summerlin* v. *Hesterly,* 20 *Ga.* 689 (65 Am. D. 639), where the reference to the entry of levy and in the sheriff's deed to a number of the lot was rejected as inaccurate, leaving the remainder of the description to stand; and to the case of *Johnson* v. *McKay,* 119 *Ga.* 196 (45 S. E. 992), where it was held that the general description of property in a mortgage controls over a recitation that the land was located in a lot of a certain number. Here, as in *Thompson* v. *Hill,* supra, the property is further described as: "Being same

property which was set apart to first party herein in the Court of Ordinary of White County as a twelve month's support out of the estate of C. W. Hunter, deceased," thus furnishing an additional key by which to identify the land. There was testimony by and in behalf of the defendant, by other witnesses, that both he and his immediate predecessors in title, Mr. and Mrs. C. W. Hunter, had been in actual possession of this land since his predecessors obtained their deed thereto in December, 1917, and up until the time of the filing of the present petition on July 6, 1946, cutting and removing firewood, timber, and pulpwood therefrom. While there was conflicting testimony offered in behalf of the plaintiffs, the jury found in favor of the defendant, and there was ample evidence to support this finding. The general grounds of the motion for a new trial are, therefore, without merit.

■ The first ground of the amended motion for a new trial complains of the refusal of the trial court to give in charge to the jury the following written request: "You are instructed that courts and juries are bound to take notice of the number of acres contained in original land lots and the location of their lines without the necessity of offering evidence in support of such facts, and in this connection this Court and Jury are bound to take notice of the fact that land lots 67 and 62 in the Third Land District of originally Habersham County, now White County, Georgia, join each other and are divided by what is termed in law 'an original line' running east and west, and in this connection you are further instructed that where a deed, as in the case of the deed under which the defendant claims title, calls for the original line or a point on the original line of these two lots it must be construed to mean the original line between said lots and where such a deed calls for a point on the original line and then further reads 'thence along the original line to another point' it must also be construed to mean along that original line until the other point called for in the deed is actually reached and you would not be at liberty to construe the deed to mean that the line runs along the original line for a short distance and then leaves the original line to go in some other direction and to some other point not called for in the deed."

The charge requested was not in accord with the principles

announced in the preceding division of this opinion, and the trial court did not err in failing so to charge the jury. Moreover, the request to charge was not properly adjusted to the contentions of the parties, for in the last line thereof the following appears, "and to some other point not called for in the deed." The defendant contended that "a rock corner on the high ground of the ridge" was the point called for in the deed, and that it could not be reached by following the original line, and there is no evidence in behalf of the plaintiffs that there was any such point, rock, or high ground of the ridge on the original line.

The second ground of the amended motion for a new trial complains of the admission in evidence of a deed containing the following description: "Parts of lots Nos. 62, 63, and 66 in said District, and being all the lands owned by Mrs. Julia A. Allison at her death. This land is known as the old William Allison place and contains one hundred acres, more or less"—upon the ground that the description was not sufficient to identify any particular land, and if the part referred to as the property owned by her (Mrs. Julia A. Allison) at the time of her death and as the William Allison place would be sufficient to furnish a key, there was no evidence to complete the transaction, by which it could be determined with any degree of definiteness what that particular land was. As to the first ground of the objection, this court has many times held that a description of real estate is not void for uncertainty if it furnishes a key sufficient to identify the land, and that such descriptive terms as "being all the lands owned by" a named person at the time of his or her death, and "known as the old William Allison place," furnish such a key. *Allen* v. *Lindsey*, 139 *Ga.* 648 (77 S. E. 1054); *Knighton* v. *Hasty*, 200 *Ga.* 507 (37 S. E. 2d, 382); *Marsh* v. *Baird*, 203 *Ga.* 819 (2-a) (48 S. E. 2d, 529). An examination of the evidence in this case discloses that the second ground of objection is without merit.

In the third ground of the amended motion for a new trial the plaintiff movants complain of the admission in evidence of a warranty deed from R. L. Allison and G. B. Allison to Belle S. Meade, dated November 2, 1917, conveying "all that tract or parcel of land lying and being, commencing at a conditional corner running down Dukes Creek on the south bank of the

original line following the original line west to a conditional corner made by G. B. and R. L. Allison to J. B. Sims; thence following the conditional line northwest between J. B. Sims and G. B. Allison and R. L. Allison to the conditional line between Calhoun Mining Company and G. B. and R. L. Allison; thence following said conditional line between the Calhoun Mining Company and G. B. and R. L. Allison back to said beginning point. The above land is part of said lots 62 and 63 in the 3rd district of White County, Georgia, containing 50 acres more or less"—which deed was objected to on the ground that it showed on its face that it was confined to lands located in land lots 62 and 63, was irrelevant and immaterial, did not purport to convey any part of lot 67, and did not call for any Meade corner or any high ground, or anything that would lead to it. Complaint is also made of the ruling admitting the deed, upon the same ground and upon the further ground that this ruling of the court amounted to an expression of opinion to the jury that this deed might contain the land in controversy, and if it did, the defendant had the right to elect to claim under it.

The deed here referred to was introduced in evidence by the defendant along with the other deeds referred to in the statement of facts, and by reference thereto it will be shown that the grantors in this deed at one time owned what was known as "all the lands owned by Mrs. Julia A. Allison at her death. This land is known as the old William Allison place and contains one hundred acres, more or less." These same grantors conveyed fifty acres, more or less, to Mrs. J. B. Sims by deed dated February 26, 1916, which deed, in describing the lands thereby conveyed, did refer to "the high ground" and "to a rock corner known as the Meade corner." In *Knighton* v. *Hasty*, 200 *Ga.* 507, 508 (2) (37 S. E. 2d, 382), it was held: " 'Where the description is uncertain, reference may be made to prior deeds conveying the same land; and an entire tract of land may be described by general name by which it is known.' *McAfee* v. *Arline*, 83 *Ga.* 645 (a) (10 S. E. 441); *Stewart* v. *Latimer*, 197 *Ga.* 735 (2), 743 (30 S. E. 2d, 633)." Under the foregoing principle and the facts of this case, the admission in evidence of the deed here complained of and the ruling with respect thereto was not error for any reason assigned.

■ The verdict returned by the jury in this case was: "We, the Jury find in favor of the defendant." The decree entered by the trial court was as follows:

"The jury having found a verdict against the plaintiff and in favor of the defendant in the case and considering the pleadings, stipulations, evidence, and facts in the case it [is] considered, ordered, adjudged and decreed by the court, that the verdict of the jury be and the same is hereby made the judgment and decree of this court, and that the line as contended for by the defendant be and the same is hereby made the dividing line between the parties in this case, and as set forth and shown on the plat hereto attached and made a part of this decree, and said dividing line 'Begins at a point in the center of Dukes Creek directly under the bridge on the old Cleveland-Hiawassee Road, and running down said Dukes Creek to where the lot line between land lots 62 and 67, in 3rd land district of White Co., Ga., crosses said Creek, being a point in center of said Creek between a mound of rock on the west bank and a 36″ sycamore on east bank; thence West 3.00 ch. to a projecting rock, 2 links South of a 24″ white pine; thence S. 45 W. 2.05 ch. to a 6″ yellow pine; thence up the ridge and following the high ground, as follows: S. 66 W. 1.00 ch. to a 4″ maple, due West 2.87 ch. to a large pine stump, S. 75 W. 1.02 ch. to a 5″ Spanish Oak; S. 55 W. 2.87 ch. a 6″ yellow pine, S. 65 W. 1.70 ch. to point. S. 55 W. 2.58 ch. to a black jack, S. 50 W. 1.26 ch. to a rock, the old Meade corner; thence N. 51 W. 9.94 ch. to the old rock corner on the bank of the Cleveland-Hiawassee Road; thence along said road N. 35 E. 6.76 ch. to a point; thence containing [continuing] along said road N. 20 E. 7.50 ch. to the East Corner of the old Lambdin tract; thence N. 40 W. 4.18 ch. to the Allison branch; thence down said branch N. 50 W. 4.27 ch. and on with the branch N. 40 E. 3.38 ch. thence leaving the branch N. 15 E. to Dukes Creek near the deep hole; thence down Dukes Creek to the point of beginning, being a part of land lots 62 and 67 of the 3rd District of White County, Ga., formerly Habersham Co. The land in dispute being shown on said plat by lines or what is known as shading and title thereto is decreed to be in defendant H. G. Spahr, and the plaintiffs are permanently restrained and enjoined from going upon said

land or trespassing thereon, and the claim of defendants [plaintiffs] to said land is decreed to be invalid, and the title to the said disputed area is by this decree vested in H. G. Spahr.

"The restraining order against defendant is dissolved and plaintiffs are restrained and enjoined from molesting or interfering with defendant's possession and title to said land.

"Let the defendant, H. G. Spahr recover $........... costs for use of officers of courts against plaintiffs W. A. White, H. J. White, and T. J. McConnell."

To this decree the plaintiffs excepted on the grounds that there were no pleadings and no evidence authorizing the court to decree a line as called for in said decree.

In this case there is no evidence and no pleadings as to many of the courses, distances, angles, and degrees of different portions of the line described in the decree, or as to many of the physical monuments therein referred to. The plat introduced by the defendant contains no such minute description as that included in the decree, and there being neither evidence nor pleadings to support the same, it cannot lawfully stand as rendered. *Milner* v. *Mutual Benefit Building Assn.,* 104 *Ga.* 101 (30 S. E. 648); *Davis* v. *Flowers,* 154 *Ga.* 260 (114 S. E. 200); *Greenwood* v. *Greenwood,* 173 *Ga.* 343 (160 S. E. 392); *Barbee* v. *Barbee,* 201 *Ga.* 763, 767 (supra). Direction is given, therefore, that the decree in this case be amended by striking that portion thereof beginning with the words: "and said dividing line 'Begins at a point in the center of Dukes Creek'," and ending with the words, "being a part of land lots 62 and 67 of the 3rd District of White County, Ga., formerly Habersham Co.," so that the decree as thus amended will read as follows:

"The jury having found a verdict against the plaintiffs and in favor of the defendant in the case and considering the pleadings, stipulations, evidence, and facts in the case it is considered, ordered, adjudged and decreed by the court, that the verdict of the jury be and the same is hereby made the judgment and decree of this court, and that the line as contended for by the defendant be and the same is hereby made the dividing line between the parties in this case, and as set forth and shown on the plat hereto attached and made a part of this decree. The land in dispute being shown on said plat by lines or what is known as

shading and title thereto is decreed to be in defendant H. G. Spahr, and the plaintiffs are permanently restrained and enjoined from going upon said land or trespassing thereon, and the claim of plaintiffs to said land is decreed to be invalid, and the title to the said disputed area is by this decree vested in H. G. Spahr.

"The restraining order against defendant is dissolved and plaintiffs are restrained and enjoined from molesting or interfering with defendant's possession and title to said land.

"Let the defendant, H. G. Spahr recover $_____ costs for use of officers of courts against plaintiffs W. A. White, H. J. White, and T. J. McConnell."

As thus amended, the decree will conform to both the evidence and the pleadings.

*Judgment affirmed with direction. All the Justices concur.*