## 18543.   EDWARDS v. FRYER.

Argued April 12, 1954—Decided May 10, 1954.

*Boller & Yow,* for plaintiff in error.

*Robertson & Gilbert,* contra.

HEAD, Justice. The plaintiff contends that his wife bought two tracts of land from J. M. Seago, and that they are described in the same deed. This contention is wholly without any evidence or inference to support it. The deed describes a tract of

land containing six acres, and states that it is the same land conveyed to the grantor by J. J. Lever. The boundaries given indicate that only one tract was conveyed.

In the deed from Wicker, as attorney, to Lever, and in the deed from Lever to Seago, we find the statement: "In this conveyance is included one acre sold to Sucky Williams, who afterwards became the wife of David Wilson, but now dead, leaving said Wilson her sole heir at law, having departed this life without issue." If by this language it was intended to convey a separate one-acre tract, the description would be wholly void, there being nothing to indicate any location of the one-acre tract of land as to State, county, district, or otherwise, and the one-acre tract is not designated as to boundaries, or as a "known" tract of land. *Johnson* v. *McKay*, 119 *Ga.* 196 (45 S. E. 992, 100 Am. St. R. 166); *Allen* v. *Lindsey*, 139 *Ga.* 648 (77 S. E. 1054); *Boney* v. *Cheshire*, 147 *Ga.* 30 (92 S. E. 636); *Bennett* v. *Green*, 156 *Ga.* 572, 575 (119 S. E. 620); *White* v. *Spahr*, 207 *Ga.* 10, 21 (3) (59 S. E. 2d 916). The inference of the deed from Wicker to Lever, and Lever to Seago, is that the one-acre tract is included in the six acres which are described and bounded.

It is not essential that we should point out the contradictions in the plaintiff's testimony, or the contradictions of his testimony by his two other witnesses. There is no sufficient identification of any tract of land known either as the Sucky Williams Place or the Sucky Wilson Place. The plaintiff could not recover, since his evidence failed to sufficiently describe or locate any land either by boundaries or as a "known" tract of land.

The plaintiff failed to show title by prescription to any land. He claims that he cultivated a tract of one acre for two years, and that he thereafter cut timber off of it up until the time that the defendant "claimed he bought it." This testimony is contradicted by his witness Lindsay Coleman, who stated: "There was not any timber on the place that my uncle was always telling me was Sucky Wilson's place. You couldn't cut timber, no sir. It was oak; couldn't say timber because there wasn't any timber on the place, never been anything but scrub oaks." According to the plaintiff's testimony, his cultivation of the land was prior to the execution of the deed from Seago to Annie May Fryer, and according to the witness Lindsay Coleman, the culti-

vation of the land by the plaintiff was years prior to this deed.

Title by prescription is not shown, even as to a clearly identified tract of land, where the prescription relied upon is based on alleged cultivation for two years and the occasional cutting of timber (if such cutting of timber, under all the evidence, could be said to have occurred). *Robertson* v. *Abernathy*, 192 *Ga.* 694, 698 (16 S. E. 2d 584); *Bridges* v. *Brackett*, 208 *Ga.* 774 (69 S. E. 2d 745).

The verdict for the plaintiff was wholly without evidence to support it, and the court erred in denying the motion for new trial.

*Judgment reversed. All the Justices concur.*