## A91A0134. GAMBRELL et al. v. BUXTON et al.
(409 SE2d 216)

Cooper, Judge.

This appeal involves a land line dispute which arose out of an attempt to establish a boundary line between two adjoining parcels of property.

Sally Buxton ("Buxton") owned two adjacent lots of lakefront property in a subdivision. Because of the way the subdivision had been developed, each lot consisted of three adjoining smaller lots running in succession from the street to the lake. The lot closest to the road was designated by a letter; the lot in the middle was designated by a number; and the lot closest to the lake was designated as the access area for the respective numbered lot.

In July 1987, Buxton sold one of her lots, consisting of Lot W, Lot 23, and the access area for Lot 23, to Mr. and Mrs. Gambrell. The deed conveying the property to the Gambrells contained the following clause: "The dividing line between the subject parcels and other property of the grantor located on the northwest side of the subject parcels is a straight line from an iron marker located on the right of way line of a Public Road on the southwestern side of said Parcel W, which marker is 72 feet northwesterly from the marker at the southern corner of said Parcel W, and thence in a northeasterly direction to a marker located immediately next to a brick wall on the waterfront, which point is 95 feet northwesterly from the marker at the easternmost corner of the above described parcels."

In February 1988, Buxton conveyed her remaining lot to Sara Helms ("Helms"). The deed conveying the property to Helms did not contain the boundary line description recitation regarding the dividing line between the two parcels of property, which was contained in the Gambrells' deed. However, in July 1989, Buxton executed a deed of correction to Helms to include the same boundary line description contained in the Gambrells' deed and attached pictures of the iron markers as exhibits to the deed of correction. Appellants, the Gambrells, and other adjoining property owners, filed an action against appellees, Buxton and Helms, seeking to have the boundary line declared void. Buxton filed a motion for judgment on the pleadings and motion to dismiss, and after hearing argument, the trial court entered a judgment for both defendants, finding that the boundary line between the Gambrells' property and the Helms' property was a straight line between the two iron markers referred to in the deed from Buxton to the Gambrells.

Appellants contend that the boundary line description was too vague and indefinite to be enforceable as a boundary line because it did not accurately locate the iron markers at the time of the conveyance to the Gambrells. A boundary line may be designated by running

a straight line between two established iron stakes. See *Barron v. Chamblee*, 199 Ga. 591, 599 (34 SE2d 828) (1945). " 'What is most material and most certain in a description shall prevail over that which is less material and less certain. . . . "[W]henever in the description of land conveyed by deed, known monuments are referred to as boundaries, they must govern, although neither courses nor distances nor the computed contents correspond with such boundaries." ' [Cit.]" *White v. Spahr*, 207 Ga. 10, 19 (59 SE2d 916) (1950). The boundary line description in the Gambrells' deed and in the deed of correction from Buxton to Helms describes the location of two iron markers, and those iron markers are pictured in exhibits to the deed of correction. In his deposition, Mr. Gambrell identified pictures of the two iron markers and testified that they were in place when he purchased the lot; that he understood that those markers designated the corners of his property; and that he removed the marker closest to the waterfront because he did not believe it to be in the location as described in the deed. We conclude that the boundary line, which was described as running between the two iron markers was a sufficient description and controlled the location of the boundary line between the two lots. See *Seignious v. MARTA*, 252 Ga. 69 (1) (311 SE2d 808) (1984); see also *White v. Spahr*, supra.

We also find appellants' contention, that a question of fact exists as to Buxton's intent in establishing the boundary line, to be without merit. Appellants argue that because the effect of Buxton's failure to include the boundary line description in the first deed to Helms retained ownership in Buxton of a small triangle of land, a question of fact is raised as to Buxton's intent with regard to the triangular portion of land, at the time of her earlier conveyance to the Gambrells. We disagree with appellants. The failure to include the boundary description in the first deed to Helms did not create a question of fact inasmuch as Buxton corrected this apparent oversight in a subsequent deed of correction. Nor does the fact that the iron markers may not have been located at the exact spot described in the deed to the Gambrells raise a question of fact. Both parties appear to agree that the intent of the grantor in including the above-quoted language in the Gambrells' deed was to create a straight line boundary between the two parcels of property, which did not presently exist because of the division of the larger lots into three separate lots. The iron makers establishing the corners of the boundary line were in place and visible at the time of the deed, even if they were not located exactly according to the description. The trial court correctly ruled that appellants could have their deed corrected to show the exact location of the iron markers. Nor do we find that the affidavit of a registered surveyor, submitted by appellants on the day of the hearing, created a question of fact. That affidavit, executed after the Gambrells had re-

moved the iron marker originally placed to mark the waterfront corner, set forth that the boundary line description is ambiguous; that the iron marker closest to the street was not in the exact location as described in the Gambrells' deed and therefore could not be found with certainty; that no marker was found establishing the corner on the waterfront and therefore, its actual location was ambiguous. As previously noted, even if the exact location of the iron markers cannot be ascertained from the description in the deed, their location was ascertained prior to the sale of the lot, and appellants may still seek correction of their deed to reflect the actual location of the markers. Accordingly, we find no error with the trial court's entry of judgment in favor of appellees.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 6, 1991 —
RECONSIDERATION DENIED JULY 25, 1991 — 

*Donald W. Huskins*, for appellants.
*Reynolds & McArthur, Charles M. Cork III, George D. Lawrence*, for appellees.