McLeod vs. Bozeman.

26  177
92  165

JOHN McLEOD, plaintiff in error, vs. JOHN BOZEMAN, defendant in error.

The title acquired by the purchasers under the Act of 1833, (*Acts* 37,) authorizing the sale of certain fractions, was not affected by the sale of the same fractions, under the forfeiting Act of 1847.

Ejectment, from Lee county. Decision by Judge ALLEN, March Term, 1858.

The facts in this case were agreed upon and submitted to the Judge for his decision, and are as follows:

The fractional lot in dispute was sold by Wm. J. Davis agent of the State, on the 5th day of May, 1834, and afterwards, on the 21st day of May, 1835. the whole of the purchase money was paid. The plaintiff's lessor is the transferree of this certificate of purchase, and the defendant was in possession at the time of the institution of the suit, claiming title to said premises as follows:

McLeod vs. Bozeman.

The Legislature passed an Act on the 30th December, 1847, declaring that all lots of land which had been sold, and the grants had not issued therefor, should revert, and that such fractional lots should be sold. Afterwards, in compliance with the law, this fraction was sold; and afterwards on the 11th July, 1850, the State issued a grant to the purchaser and the defendant claimed under this purchase. Judge Allen decided that the plaintiff was entitled to recover. To which decision defendant's counsel excepted, and assigns the same as error.

SLAUGHTER & ELY, for plaintiff in error.

VASON & DAVIS, for defendant in error.

*By the Court.*—BENNING J. delivering the opinion.

Bozeman, one of the plaintiff's lessors, received a certificate of purchase to the land in dispute, from W. J. Davis, acting under the authority of an Act of the Legislature, passed in 1833. Bozeman paid up the whole of the purchase money. The Act did not require him to take out a grant—it did not seem to contemplate a grant. It did not require him to pay any fees of any sort, or to pay any thing but the purchase money. In this respect, it differs from any Act in *pari materia*, which has been before this Court. *Acts of* 1833, 37.

The effect, then, of this purchase and payment of the purchase money, was to give Bozeman a complete equitable title in the land. Such an one as would be executed in him by the statute of uses. *Pitts vs. Bullard, 3 Kelly,* 17. Such a title is sufficient to bar an ejectment; (*id. ibid.*) and sufficient to support an ejectment. *Goodson vs. Beacham,* decided at Macon, January, 1858.

This too was a title derived from the State through its agent, by contract with him, as evidenced by his certificate made in accordance with the authority given him by the

said Act of 1833. The certificate was, in law, the certificate of the *State;* as much so, as a regular grant signed by the Governor, is the grant of the State.

This, then, was the title of Bozeman; and this was the title the plaintiff relied on.

McLeod, the tenant, claimed under a grant made, or purporting to be made, in pursuance of the Act of 1847, for the sale of " undrawn lots," and " to limit the time for fraction purchasers, to pay for and take out grants for fractions." *Cobb Dig.* 709.

The first section of that Act is as follows; " That all persons who have purchased fractional lots in this State, under the law requiring them to take out the grants for said fractions, shall have until the first day of November next, to take out his, her or their grants."

But there is no law requiring the purchasers of fractions, under the said Act of 1833, to take out grants at all. That Act, as has been before said, is peculiar in this respect. Therefore, this first section of the Act of 1847, does not apply to the purchasers of fractions, under the Act of 1833. And the other sections are no broader than this first section.

It must follow then, that the authority to sell fractions, given by the Act of 1847, did not extend to the case of fractions that had been sold under the Act of 1833. And, consequently, that the sales and grants of these latter fractions, made under the Act of 1847, were void.

If so, McLeod's grant was void.

Still, it is a grant in due form, signed by the Governor and sealed with the great seal. Is not a Court bound to respect it until it is set aside? The case is peculiar. Here are two conflicting titles, both issuing from the State; one in the form of a certificate, the other in the form of a grant; and a Court is called upon to decide between them. In the case of two grants of the same thing, "a *scire facias* lies for repealing the" younger; (*Com. Dig. Patent F.* 4,) from which it would seem

to follow, that the younger ought to be made to yield to the older, whenever and wherever the two come into conflict. It is said, too, that if a grant "be void in itself *non concessit* may be pleaded to it, without a *scire facias* to repeal it: as, if a commission be, that, upon a discovery of defective titles, a grant shall be made upon the warrant of the commissioners, without other warrant, and a patent is made by their warrant of a thing out of their commission." *Id.* (*F.* 1.)

We think, then, that we may take the law to be, that if two grants come into conflict before a Court, the Court must make the younger, if the Court thinks it void, yield to the older.

And why should not such a certificate as that in this case, stand on the same footing, in this respect, as a grant? It is as much the act of the State, as a grant is; it is as much founded on a valuable consideration, as a grant is. There seems to be no substantial reason why it should not.

Upon the whole, then, we think, that the title under the certificate, was better than the title under the grant, and that the Court below was right in holding, that the title under the certificate was sufficient to entitle the plaintiff to recover.

Judgment affirmed.