T. J. Lumpkin, J. G. Hale, B. T. Brock and J. W. Harris, Jr., for plaintiff in error.

A. W. Fite, solicitor-general, *contra*.

---

## Pounds *v.* The State.

Simmons, J.—Where, upon the trial of an indictment for rape alleged to have been committed upon a female between the ages of ten and eleven years, it appeared that sexual intercourse was accomplished, and the main question at issue, therefore, being whether the female was in fact capable of consenting to the act or not, and the court having several times, in substance, instructed the jury that although she was over ten·years old, yet if she was a child in stature, constitution and physical and mental development, and they believed from her age and appearance that she was incapable of consenting, the accused would be guilty, although she made no objection to the intercourse, it was also the duty of the court to charge the jury that if they believed she was capable of consenting and did actually consent, the accused should be acquitted. The failure to so charge is cause for a new trial in a close case like the present, taking this omission in connection with the fact that the court allowed the solicitor-general, in his concluding argument, to state to the jury, over objection of counsel for the accused, that "the age of consent in many States is higher than in this State, and should be made higher here; and a committee of ladies waited on the judiciary committee of the last house of representatives and urged that the age of consent be raised to twelve years in this State."                              *Judgment reversed.*

October 15, 1894.

Indictment for rape. Before Judge Janes. Haralson superior court. July term, 1894.

E. S. Griffith and Edwards & Edwards, for plaintiff in error. J. M. Terrell, attorney-general, and A. Richardson, solicitor-general, *contra*.

---

## Stamps *v.* The State.

Lumpkin, J.—The language, " I want to stay here awhile," addressed by a man to a woman, is not, *per se*, either obscene or vulgar; and although the indictment charged that by the use of this language the

former meant to ask the latter to have sexual intercourse with him, the evidence entirely failed to support this charge; and therefore the conviction of the accused of the offense of using obscene and vulgar language in the presence of a female was contrary to law and evidence, and the court erred in overruling the *certiorari.*
October 15, 1894.       *Judgment reversed.*

*Certiorari.* Before Judge JENKINS. Greene superior court. August term, 1894.

Stamps was tried in the county court upon an indictment charging that he, a colored person, used to and in the presence of Mrs. McJunkin, a white lady, the following indecent and vulgar language: "I want to stay here awhile," that is, in the house with Mrs. McJunkin, "meaning by said language to ask the said Mrs. Sarah M. McJunkin to have sexual intercourse with him; said language then and there tending to cause a breach of the peace." He demurred to the indictment, upon the ground that it set forth no crime, and that the language alleged as being indecent and vulgar was not so in law. The demurrer was overruled. He was found guilty, and the conviction was sustained on *certiorari.* The State introduced the following evidence: The home of Mrs. McJunkin is in Greene county, about three hundred yards from the public road from Siloam to Veazey. During the morning of February 12, 1894, while she was at home alone, defendant came to her house and asked for a drink of water. She went into the house, got the water and gave it to him. He asked her if her husband was at home. She told him it was none of his business, and ordered him to leave the place. He did not go, but said to her, "I want to stay here awhile." He came to the house on a mule, and rode round to the back door and asked for the water. While she was getting the water he got off the mule and came to the door, and she handed him the water from the door. At first she did not know who he was. She asked him who he was, and he said his name was Allen Stamps, that

he was Julia Stamps' son. He staid around there about fifteen or twenty minutes after she ordered him to leave, and then got on his mule and rode off without saying anything. He did not come into the house. The house had been occupied by negroes prior to the McJunkins moving into it in January, 1894, and there was a negro house on the public road about a half-mile away.

EDWARD YOUNG and HART & SIBLEY, for plaintiff in error. H. G. LEWIS, solicitor-general, by HINES & FELDER and A. H. DAVIS, *contra*.

------

### DUNCAN *v.* THE STATE.

ATKINSON, J.—1. Where, in a trial for rape, the contention of the accused was that he had no connection whatever with the perpetration of the offense, it was error, in charging the jury with reference to the alleged crime, to use the following expressions: "Now you will have reference and cognizance of the evidence in the case which connects the defendant with it." "But if you do not believe that upon consideration of the whole evidence and weighing the whole of it, that the defendant's testimony outweighs that of the State, which places the man (the accused) there at the time, then you should not believe the *alibi*." The expressions contain intimations of opinion on the part of the presiding judge that the accused was connected with the perpetration of the crime and that he was present at the place where it was committed; and therefore, under section 3248 of the code, a new trial must be granted.

2. While other rulings and charges of the presiding judge are not entirely free from criticism, there was not in any of them, save as indicated in the preceding note, any error requiring the granting of a new trial.                              *Judgment reversed.*

February 18, 1895. By two Justices.

Indictment for rape. Before Judge CLARK. Fulton superior court. September term, 1894.

JOHN CLAY SMITH and PETER FRANCISCO SMITH, for plaintiff in error. C. D. HILL, solicitor-general, *contra*.

------