## Furgerson *v.* Bagley.

Lumpkin, J.—The rule of the code (§2681) that the actual possession of a part of a tract of land by one having paper title to the whole extends by construction over the whole tract, is satisfied where a *bona fide* purchaser for value, after taking a conveyance, encloses even as small a portion as one acre of a lot containing 490 acres, adds to it half an acre in the following year, and in that year cultivates the whole enclosure; then, in subsequent years, builds upon the tract and otherwise improves it, maintaining his possession openly and notoriously under a claim of right until the full term of seven years has expired from the date of completing his first enclosure. These facts will enable him to assert a prescriptive title against an action brought by the true owner after the seven years have expired; and the court may so instruct the jury as matter of law.        *Judgment affirmed.*
October 22, 1894.

Ejectment.    Before Judge SWEAT.    Ware superior court.    April term, 1894.

On December 28, 1892, Furgerson sued Bagley for lot number 443 in the 5th district of originally Appling, now Ware county. There was a verdict for defendant, and plaintiff's motion for a new trial was overruled. The motion was upon the grounds that the verdict was contrary to law, evidence, etc.    Plaintiff put in evidence grant of the lot in question, from the State to John Mathis, dated August 14, 1841; and deed to the same lot, dated December 27, 1837, from John Mathis to John Furgerson. It does not appear that this deed was ever recorded.    Plaintiff testified: He is the only surviving heir of John Furgerson, his father, who died in 1852; he had a brother who had a wife and some children, but they are all dead; his brother died about six years ago, his wife and all his children having died before him; did not see his brother dead, but was informed of his death, and that was the general understanding and reputation among the family.

Defendant introduced five deeds to the property in dispute : (1) from John Mathis to H. L. Saulsbury, dated April 26, 1842, recorded December 14, 1881; (2) from H. L. Saulsbury to J. S. Fleming, dated March 8, 1859, recorded December 14, 1881; (3) from J. S. Fleming to W. T. McArthur, dated October 20, 1878, recorded December 14, 1881; (4) from W. T. McArthur to Warren Lott, dated February 10, 1882, recorded October 20, 1892; (5) from Warren Lott to defendant, dated August 18, 1884, recorded August 18, 1890.    Defendant testified, that he bought the land from Lott in 1884 in good faith for full value; it was then a woodland lot; during that winter he fenced about one acre and prepared it for cultivation, but did not cultivate it that year; during 1885 he added not over a half-acre to the enclosure

and cultivated the enclosure; in 1886, he commenced to build on the lot and continued to clear more of it; in 1887–8 he continued to build, and in 1888 or 1889 moved upon the land and had resided there ever since, cultivating it each year, and now has a large farm on it; there was a small crib on the land when he took possession in 1884; and his improvements are worth at least $1,500.

G. J. HOLTON & SON, for plaintiff.

LEON A. WILSON, for defendant.