### BAXTER &. COMPANY *v.* WETHERINGTON.

The actual adverse possession of a part of a tract of land by a person having a recorded deed will be construed to extend to all the land embraced within the boundaries of the deed.

The proof in this case was sufficient to show the prescriber's possession was so open and notorious as to put the true owner on notice of his intention to assert ownership to the whole tract.

Submitted May 25,—Decided August 8, 1907.

Trespass. Before Judge Mitchell. Echols superior court. July 16, 1906.

*Toomer & Reynolds,* for plaintiffs in error.

*Wilcox & Patterson, R. G. Tison,* and *Cranford & Wilcox,* contra.

EVANS, J. The action was trespass to recover damages for cutting timber on lot number 462 in the 13th district of originally Appling, now Echols County. The plaintiff relied upon a prescriptive title to prove his ownership of the land. The sole question presented by the record is whether under the evidence the plaintiff established a good prescriptive title. The abstract attached to the petition set out a grant from the State to H. Torrence, and mesne conveyances from the grantee to the plaintiff. The last conveyance was from G. M. English to the plaintiff, dated February 6, 1883, and recorded June 22, 1887. It was agreed that the land was originally granted to H. Torrence. The plaintiff tendered in evidence, and the court admitted as color of title only, the deeds referred to in the plaintiff's abstract, purporting to convey the premises in question from Torrence into the plaintiff. It was shown for the plaintiff, that in 1883 G. M. English conveyed lot number 462 for the consideration of $30. At the same time he sold other land, the consideration being $900. The latter transaction included two lots, numbers 501 and 502, which adjoined lot number 462. At the time of the sale English resided on lot number 501, and cultivated a farm of 118 acres, about three or four acres of which were in the southwest corner of lot number 462. This farm had been cultivated continuously for fifteen years prior to 1883, and since that time has been in continuous cultivation by the plaintiff, who went into possession of the lot purchased from English. There were no houses on lot number 462 at the time of the purchase from English, except some corn cribs, which were either near or on the line of lot number 462. All of the plaintiff's farm cultivated by him was situated on lots numbers 501 and 502, except a small triangular portion situated in the southwest corner of lot number 462. The plaintiff when he bought lot 462 believed he was getting a genuine title. He placed his deed on record, returned it for taxes, and has used from the entire lot 462 needful timber for plantation purposes. About ten years before the institution of the suit the plaintiff leased the turpentine privileges, and the lessees boxed and worked the timber on the entire tract for three successive years, no objection being raised by any one as to his right to have the timber worked for turpentine. Since 1883 the plaintiff has continuously cultivated the three or four acres of land which was situated in the southwest

corner of lot 462. He purchased lot 462 on the same day he purchased lots 501 and 502, but took a separate deed to 462. There is a public schoolhouse on lot 462, about one hundred or two hundred yards from the lot line, which was built by the plaintiff with the help of his neighbors. This school is under the control of a board of trustees.

The possession of an occupant of land under a deed extends to the boundaries defined in his deed, if the possession of a part of the land is of such a character as to put the world on notice that he is adversely claiming the part of which he is in actual possession. It is not the policy of the law to permit the true owner of land to be disseized by equivocal possession. But if the occupant's possession be of such a character as to announce to the world and to the true owner his assertion of ownership, and that possession is under a duly recorded deed, it will be construed to extend to all the contiguous property embraced therein, and after seven years will give a title by prescription. Civil Code, §§ 3586, 3587, 3589. The plaintiff's cultivation, for eighteen years after his purchase, of a triangular portion of lot 462 in the southwest corner, when aided by his leasing the timber on the entire tract during the eighth, ninth, and tenth years after his purchase, and the boxing and working of the timber for turpentine, were such positive acts that no one could misunderstand his assertion of ownership of the entire lot number 462. At all events the character of the plaintiff's possession as developed by proof was sufficient to authorize the jury to find that it was so open, notorious, and adverse as to put the true owner on notice of the intention of the occupant to claim the entire lot. In *Ferguson* v. *Bagley,* 95 *Ga.* 516, it was said that "The rule of the code, . . that actual possession of a part of a tract of land by one having paper title to the whole extends by construction over the whole tract, is satisfied where a bona fide purchaser for value, after taking a conveyance, encloses even as small a portion as one acre of a lot containing 490 acres, adds to it half an acre in the following year, and in that year cultivates the whole enclosure; then, in subsequent years, builds upon the tract and otherwise improves it, maintaining his possession openly and notoriously under a claim of right until the full term of seven years has expired from the date of completing his first enclosure." The character of the plaintiff's possession in the case now before

this court differs essentially from that involved in the cases of *Royal* v. *Lisle*, 15 *Ga.* 545, and *Carroll* v. *Gillion*, 33 *Ga.* 539. In the *Royal* case the possession was of an acre and a quarter of land on the adjoining lot, used sometimes as a cow-pen and sometimes for cultivation. The prescriber also cut logs for a house from this land. The court held that this possession was so clandestine that the true owner was not put on notice that the possessor was intending an assertion of title to the entire lot. In the *Carroll* case the possession relied on for prescription consisted of a narrow strip of land fifteen feet in width, extending half across a lot which he had cultivated for a number of years as a part of a plantation lying mainly on an adjoining lot. There were no buildings on the land, neither was there any assertion of possession beyond the narrow strip which was cultivated along with his other lands. This kind of possession was of such an equivocal nature that the true owner might naturally infer that there was no intention to cross his line and cultivate his land. In the case in hand, not only was there actual possession of the triangular portion of three or four acres for eighteen years, but soon after the plaintiff purchased, he through a lessee boxed the timber over the whole lot for turpentine purposes. For more than seven years after this occurrence the plaintiff's possession was not disturbed. Surely the cutting and boxing of the trees for turpentine over the entire tract would be notice that the plaintiff's possession of the small area in actual cultivation was not under the belief that it was not included in lot number 462, but on the contrary that such possession was an assertion of claim of ownership to the whole of lot 462. The jury found that the plaintiff had a good prescriptive title based upon seven years' possession under color. The trial court refused to disturb the verdict, and we think the evidence is sufficient to sustain the jury's finding.

*Judgment affirmed. All the Justices concur.*