## BELL *v.* MENTION *et al.*

The judge charged the jury that if they should find from the evidence that a father made a gift of lands to his son and placed his son in possession of the lands and the latter made valuable improvements thereon, this would convey to the son a "perfect title," and upon such a title the heirs of the son could recover in ejectment. Under the issues made by the evidence and the ruling made in the case of *Howell* v. *Ellsberry*, 79 *Ga.* 475 (5 S. E. 90), the charge was error.

No. 2574.    FEBRUARY 15, 1922.

Ejectment. Before ·T. S. Hawes, judge pro hac vice. Decatur superior court. April 9, 1921.

*W. V. Custer,* for plaintiff in error.

*M. L. Ledford* and *John R. Wilson,* contra.

BECK, P. J. Mrs. Mary Mention and her three minor children by her deceased husband, John Ryals, who was the son of James Ryals, brought ejectment to recover certain land against C. V. Bell. The plaintiffs based their suit upon the claim that James Ryals, the father, had given the property in question to his son, John

Ryals, and that the latter had gone into possession and made valuable improvements thereon; and, moreover, that he had had possession of the land for the space of seven years without payment of rent, and that there was no evidence of a lien or claim of dominion by the father, acknowledged by the son, or disclaimer of title by him, and that there was conclusive presumption of a gift arising from these facts. The defendant resisted the suit on the ground that he had title to the land derived from a deed from James Ryals, the father of John Ryals, and that he entered into possession of same under that deed without notice of any claim of title on the part of the plaintiffs. Upon the hearing of the case there was some evidence of a parol gift and of possession for over seven years. There was evidence for the defendant, tending to show that he entered into possession of the land under a deed during the lifetime of his grantor, who was the alleged donor of the land to John Ryals. The jury, under the charge of the court, found for the plaintiffs. The defendant made a motion for a new trial, which was overruled, and he excepted.

The court charged the jury, in part, as follows: " I have been requested to charge, and do charge this proposition: I charge you that if you should find by a preponderance of evidence that Jim Ryals made a gift of the lands involved in this controversy to his son, John Ryals, and that Jim Ryals placed his son John Ryals in possession of the lands involved in this controversy under such gift, and that John Ryals went into possession and made valuable improvements thereon, I charge you that this would convey to John Ryals a perfect title, and you would find for the plaintiff on the question of the land." This was excepted to upon the ground that the facts and circumstances recited in the charge would not create a perfect title, even if the jury should find from the evidence that they were true as alleged. This exception points out a material error in the charge. For even if James Ryals made a parol gift of the lands involved in the controversy to his son John, and John went into possession of the lands under such parol gift and made valuable improvements thereon, that would not convey to John Ryals " a perfect title " and such as would enable him to recover in this action of eject-ment. It might entitle him, in a proper suit with all proper parties, to a decree for specific performance, and such decree

would vest in him a title upon which he could recover in ejectment. The strong reasons of this ruling and the authorities supporting the conclusion are to be found in the case of *Howell* v. *Ellsberry,* 79 *Ga.* 475 (5 S. E. 96) ; and it is unnecessary to set forth that opinion here or to make lengthy extracts from it. Of course, in ruling upon the charge as given, it is not intended to rule or intimate that the plaintiffs might not have recovery if they support their claim of title under the provisions of section 4151 of the Civil Code (1910), relating to presumptive gifts.

The other portion of the charge excepted to was substantially correct. It was substantially a restatement of the provisions of section 4151 of the Civil Code, but omitted the reference to nonpayment of rent by the alleged donee, which should have been embraced in the charge.

The other exceptions to the rulings of the court show no ground for reversal of the judgment denying a new trial.

*Judgment reversed. All the Justices concur.*