*E. W. Butler,* for defendant.

---

## ELROD *v.* BAGLEY.

1. A purchaser under bond for title, with all the purchase money paid, is entitled to have canceled a subsequent deed from his vendor to a third person who takes with notice of such purchaser's claim of title.
2. The court erred in granting a nonsuit.

No. 3192. December 15, 1922.

Complaint for land. Before Judge Tarver. Murray superior court. March 13, 1922.

*H. H. Anderson,* for plaintiff.

*C. N. King, W. C. Martin,* and *Maddox, McCamy & Shumate,* for defendant.

Hines, J. This case has been here before. *Elrod* v. *Bagley,* 150 *Ga.* 329 (103 S. E. 841). A judgment of nonsuit was reversed. The only vital difference between the evidence on the first trial and that on the second trial, the result of which is now before us for review, is, that the plaintiff was permitted to testify on the former trial, without demurrer or timely objection thereto, that he went into possession of the land in controversy the day he purchased it, and on the last trial he was not allowed to so testify, but was required to narrate the facts upon which he relied to show the character of his possession. It developed that in 1898 the plaintiff operated a sawmill on this lot and sawed timber thereon. This sawmill operation continued for three or four months. Two or three years after this, the plaintiff sold to Will

Masters two hundred thousand feet of lumber from this lot; and Masters operated a sawmill thereon for five or six months in sawing this lumber from the timber on this tract. After this, J. G. Elrod purchased from the plaintiff the timber on this lot for cross-ties under a written contract; and cut about 180 ties. It took a week or two to do this. The plaintiff then sold the tanbark on these premises to one Pullum; and the latter was engaged for three or four years in removing it from the trees on the lot. Two or three years after the bark was stripped, Jim Elrod and John Engle got the rest of the cross-ties from this land. The plaintiff testified that " the cutting of timber, trees, and tanbark continued for a period of eight years." There were no clearings, buildings, or other improvements on the lot. No work was done by the plaintiff on this lot for twelve years next before the institution of this suit. This is a fair synopsis of the evidence upon the subject of the character of the plaintiff's possession of the land in controversy. Did this proof require the submission to the jury of the question of whether the plaintiff had acquired a prescriptive title to this lot? Under the proof on the former trial this court ruled that the case should have been submitted to the jury on this feature of the case. Adverse possession must be made up of acts which are open, visible, notorious, and continuous. If there are gaps in the possession of some considerable lengths, they will defeat prescription. *Denham* v. *Holeman*, 26 *Ga.* 182 (71 Am. D. 198); *Durham* v. *Holeman*, 30 *Ga.* 619; *McCook* v. *Crawford*, 114 *Ga.* 337 (40 S. E. 225); *Gordon* v. *Ransom & Lomax Lbr. Co.*, 147 *Ga.* 55 (92 S. E. 892). So, if there were nothing in this case but the question of prescriptive title, we would not reverse the judgment of nonsuit under the proof on the last trial; but there was evidence from which the jury could reach the conclusion that the plaintiff had purchased this land from the vendor under whom the defendant, M. L. Bagley, claims title, that he took from this vendor a bond for title to this lot, that he had paid the purchase-money in full, and that this defendant bought from this same vendor with notice of the plaintiff's claim for title. Under such circumstances the title of the plaintiff was superior to that of this defendant. In this State a perfect equity is a good title, and is sufficient to support or to defend ejectment. *Pitts* v. *Bullard*, 3 *Ga.* 5 (46 Am. D. 405); *Winter* v. *Jones*, 10 *Ga.* 191 (54 Am. D. 379); *Peterson*

v. *Orr,* 12 *Ga.* 464 (58 Am. D. 484); *Bivins* v. *Vinzant,* 15 *Ga.* 521; *Goodson* v. *Beacham,* 24 *Ga.* 150; *Helms* v. *O'Bannon,* 26 *Ga.* 132, 137; *Dudley* v. *Bradshaw,* 29 *Ga.* 17, 25; *Moore* v. *Coulter,* 31 *Ga.* 278, 282; *Howell* v. *Ellsberry,* 79 *Ga.* 480 (5 S. E. 96). He who takes with notice of an equity takes subject to that equity. Civil Code (1910), § 4529. So when the plaintiff bought this land from the Cherokee Mfg. Co., taking its bond for title, and thereafter paid the purchase-money in full, and the defendant subsequently bought this lot from that company, with notice of the plaintiff's claim of title, the plaintiff made out a case upon which he was entitled to go to the jury. This court so ruled in effect when this case was here before.

The court erred in granting a nonsuit.

*Judgment reversed. All the Justices concur.*