# MILTON *v.* MILTON.

No. 6935.  SEPTEMBER 30, 1929.

*M. C. Barwick,* for plaintiff in error.

*Roy V. Harris* and *N. J. Smith,* contra.

RUSSELL, C. J. In this case the defendant in error suggested a diminution of the record, and asked that an amendment to his petition, which was allowed by the trial court, be certified and transmitted to this court by the clerk of the superior court; also, that the decree entered upon the verdict, a copy of which is attached to the petition, be ordered transmitted to this court as a material portion of the record necessary to be before the Supreme Court before the alleged errors can be properly considered. It is stated that neither the defendant in error nor his counsel discovered that the bill of exceptions did not specify the amendment or decree, and the fact that neither had been included in the transcript of the record, until after 20 days had elapsed from the time of acknowledging service of the bill of exceptions. The fact that the defendant in error and his counsel did not examine the bill of exceptions within twenty days after it had been served does not supply a legal reason why the petition should be granted. Section 6149 of the Code provides how additional record can be procured in all the instances provided by law, and consists of six subsections: "1. If the defendant in error in either the main or cross-bill of exceptions shall desire more of the evidence or other parts of the record, or all of the evidence, or all of the record sent up, he shall, within twenty days after the bill of exceptions is served on the defendant or his attorney, petition the judge who signed the same to order the whole or any part of the record sent up by the clerk; and the judge shall order the same certified accordingly and sent up. . . " Certainly this can not be held to authorize the grant of the petition

before us. To order a record, part of which the defendant in error omitted to have transmitted within twenty days after he had every opportunity to ascertain what was specified in the bill of exceptions, to be sent up, by the terms of the section is not within the power of the trial court nor is it within the power of this court. To decide to the contrary would be a violation of the maxim vigilantibus non dormientibus subveniunt legis.

The second subsection relates to the power of the Supreme Court to tax the costs of bringing up superfluous or immaterial parts of the record which have been brought up at the instance of the defendant; and the third subsection provides that the clerk of the court below shall not be allowed any costs for any part of the record which is not specified in the bill of exceptions or in the judge's order referred to in the first subsection. The fourth subsection provides that when "it appears to the Supreme Court, from the reading of the reporter's statement as now prescribed by the rules of the court, or from the argument of the counsel on the hearing, or in the consideration of the same preparatory to making up the judgment of the court, that any part or portion of the record of the case in the court below has not been brought up, and such part of the record is necessary, in the opinion of the court, to be before them in order to fully and fairly adjudicate the questions at issue and the alleged errors, then the court shall, by its order directed to the clerk of the court below, require him to certify and send up such portions of the record as, in the opinion of the Supreme Court, are needful or necessary in order to fully and fairly adjudicate the errors assigned." This provides a means by which this court can of its own motion have transmitted any part of the record which the court may be of the opinion is necessary in order to fully and fairly adjudicate the errors assigned. In its long history this court has seldom, if ever, failed to avail itself of the power conferred in the fourth subsection of section 6149, "in order to fully and fairly adjudicate the questions at issue." The fifth subsection provides that "There shall be no dismissal of the cause, or failure to decide the errors assigned, if by the issuing of the order aforesaid the record can be supplemented," and the sixth subsection provides that the cost of the supplementary transcript shall be taxed by the court against the plaintiff in error. In the circumstances, and in the view that we take of the case, it is not "necessary" to

order the amendment of the plaintiff to his petition and the decree of the court transmitted. For if we assume, as we may, that the petition of the defendant in error states the contents of the record truly and exactly, all that would be shown by the certified transcript is already before us. By amendment the word "approximately," preceding "180 feet," was stricken from the petition before the rendition of the verdict, and the decree describes the boundary line in question as being exactly 180 feet in length; but if there is no evidence in accordance with the amendment, and to the contrary it appears that the only evidence on the subject is that the length of the line was approximately 180 feet, neither the verdict nor the decree would be in accordance with the evidence.

The description of the land which is the subject of litigation is too vague and indefinite to identify the land alleged to have been given by the father to the son, and therefore insufficient to validate the alleged conveyance or authorize specific performance of the contract; and therefore the motion to dismiss the petition should have been sustained. Since the court erred in overruling this motion, which was in effect a general demurrer, all subsequent proceedings in the trial became nugatory, and the exceptions other than to the ruling upon demurrer need not be considered.

*Judgment reversed. All the Justices concur, except Atkinson and Hines, JJ., who dissent.*

BECK, P. J. I concur in the judgment of reversal, because of the insufficiency of the description of the land which the plaintiff seeks to recover.

HINES, J. dissenting. The majority of this court hold that the motion to dismiss the petition should have been sustained. This motion was based upon the ground that the petition set forth no cause of action. The majority hold that the description of the land involved in this case is too indefinite to authorize a recovery, and that for this reason the ground of the motion to dismiss the petition should have been sustained. The petition describes the land as follows: "one certain piece, parcel, or tract of land located in the 81st militia district, Jefferson County, Georgia, being rectangular in shape and approximately one hundred and eighty feet in length along the right of way of the Savannah & Atlanta Railway Company, and one hundred and ten feet in width, being bounded on the north by lands of J. J. Milton, on the east by

the right of way of the Savannah & Atlanta Railway Company, and on the south and west by lands of J. J. Milton; this being the same tract of land on which there is now located a ginhouse and gin outfit adjoining the right of way of the Savannah & Atlanta Railway Company near the depot at Zebina in said county." I am of the opinion that this description of the land involved is sufficient to authorize the plaintiff to recover. It is described as a certain piece of land located in a given militia district in Jefferson County, Georgia, that this piece of land is rectangular in shape, that it extends approximately 180 feet in length along the right of way of said railway company, that it is 110 feet in width, that it is bounded on the north by lands of J. J. Milton, on the east by the right of way of said railway, and on the south and west by lands of said J. J. Milton, and that it is the same tract of land on which there is now located ·a ginhouse and gin outfit adjoining the right of way of said railway near the depot at Zebina, in said county. So I am of the opinion that the description of the property sued for is sufficient, and that the petition should not have been dismissed upon the ground that the property sought to be recovered was insufficiently described. No other reason was given by the majority for their holding that the petition did not set forth a cause of action. So I feel constrained to dissent from that opinion. Mr. Justice Atkinson concurs in this dissent.