## ALLEN v. SMITH.

HINES, J.  1. The description of the land in a deed must be sufficiently certain to effect means of identification.` A deed lacking in such certainty of description, standing alone, is inoperative either as a conveyance of title or as color of title. *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691). So a deed which describes land as "103 acres, more or less, of lot of land No. 286, in the 8th district and 3rd section of Gordon County, Georgia," is lacking in sufficient certainty of description, and can not operate as a conveyance of title or as color of title.

2. A purchaser of land under a bond for title or otherwise, who has paid the purchase-money in full and gone into possession, holds a legal title which will support a petition in equity to enjoin an insolvent defendant from entering and trespassing upon the land, and for recovery of damages already inflicted by cutting and removing timber from the land. *May* v. *Sorrell,* 153 *Ga.* 47, 53 (111 S. E. 810) ; *Peterson* v. *Orr,* 12 *Ga.* 464 (58 Am. D. 484) ; *Elrod* v. *Bagley,* 154 *Ga.* 670 (115 S. E. 3).

3. While the description in the deed referred to in the first headnote was in itself insufficient to operate to convey title or to serve as color of title, it was admissible to show that the plaintiff, who was the obligee in the bond for title mentioned in the second headnote, had paid the purchase-money for the land referred to in said deed and the bond for title, and had thus acquired a perfect title to the premises in dispute, which would support his petition for injunction and recovery of damages.

4. Where the caption of a deed is "State of Georgia, Gordon County," it having been executed and recorded, in that county, and conveying two tracts of land, the first one being described in the deed as "one half undivided interest in the south half of lot of land (No. 250) number two hundred & fifty in the 8th district and 3rd section of Murray County Geo., containing eighty (80) acres, more or less," and immediately thereafter the other tract is described as "one half undivided interest in one hundred acres, more or less, off of lot (No. 286) number two hundred and eighty-six in the 8th district and 3rd section of the aforesaid State and county," the language, "of the aforesaid State and county," in the description of the second tract, refers to the County of Gordon named in the·caption of the deed, and not to the County of Murray; and the court erred in rejecting this deed on the ground that, while the land sued for was located in Gordon County, the deed conveyed land situated in Murray County. This is especially so where other links in the chain of title show that the second tract is located in Gordon County.

5. Where a bond for title was executed on March 27, 1911, by W. H. Smith, individually and as guardian for certain named minors, to two described tracts of land, Smith being the owner of an undivided half interest therein, and said minors being the owners of the other half interest, and where the authority granted by the judge of the superior court to the guardian to sell the interest of said minors was granted on May 5, 1911, and where thereafter the obligee in the bond paid the

full purchase-price of the entire tracts, and took a deed thereto from Smith individually and as guardian for said minors, the deed reciting the above authority of the guardian to sell, the court erred in rejecting said bond for title when offered in evidence by the plaintiff, who was the obligee therein, upon the ground that the bond for title was executed prior to the authority granted to the guardian to sell the undivided interests of his wards in said lands. The obligee in the bond having been put in possession of the lands under said bond for title, and having paid to Smith in full for his half interest therein, and having paid to him, as guardian for the minors the full purchase-price of their interests in said lands, said bond for title was admissible for the purpose of showing that Smith had bargained to the plaintiff his half interest in said land (it being otherwise shown that he had received the full purchase-price thereof), and that the plaintiff had acquired Smith's undivided half interest.

6. Conceding that said bond for title was null and void, so far as the minor wards of Smith were concerned, because it was executed before the guardian was authorized to sell the interest of his wards in this land, where the judge of the superior court afterwards authorized the guardian to sell the interests of his wards in these lands, and where the guardian afterwards in pursuance of such order sold to the plaintiff the wards' interests therein, and received from the plaintiff the full purchase-money thereof, the latter acquired a legal title to the interests of the wards therein. *Peterson* v. *Orr, Elrod* v. *Bagley,* supra; *McLeod* v. *Bozeman,* 26 *Ga.* 177.

7. In the petition of the guardian to the judge of the superior court for authority to sell the interest of his wards in the lands therein mentioned, the lands are described as "80 acres, more or less, being the south half of lot of land No. 250 in the 8th district, 3rd section, Murray County, Georgia," and "103 acres, more or less, of lot of land No. 286, 8th district and 3rd section in Gordon County, Georgia, and parcels consisting one farm." In the order of the judge the same description of the two tracts is given, and it is recited that said parcels of land constitute one farm. Eliminating the description that these parcels constitute one farm, the description of the second tract in the petition and order would be insufficient; but when the description of the first tract is sufficient, and the two tracts are described as constituting one farm, we can not hold as a matter of law that the description of the lands in the petition and in the order authorizing their sale is insufficient. The petition and order show that it was the intention of the judge to authorize the sale of a farm embracing portions of the two lots named; and this makes the identification practicable. *Andrews* v. *Murphey,* 12 *Ga.* 431; *Swint* v. *Swint,* 147 *Ga.* 467 (94 S. E. 571); *Price* v. *Gross,* 148 *Ga.* 137, 142 (96 S. E. 4); *Rumble* v. *Strange,* 154 *Ga.* 512, 518 (114 S. E. 881).

8. The bond for title was signed by "Bell Rogers by W. H. Smith." Nothing more appearing, Bell Rogers could not be held to have been originally bound as an obligor in this bond; but W. H. Smith, the other obligor, would be bound, and the bond for title was clearly admissible

for the purpose of showing that W. H. Smith had bargained his interest in these lands to the plaintiff, and that the plaintiff, who was put in possession, had acquired a prescriptive title as against Bell Rogers.

9. Under the rulings stated above, a new trial must be granted; and it becomes unnecessary to determine whether the judge erred in granting a nonsuit.　　　　　　*Judgment reversed.　All the Justices concur.*

No. 7245.　November 14, 1929.

400

*Joseph M. Lang,* for plaintiff.

*J. G. B. Erwin* and *J. H. Paschall,* for defendant.