## WOOD, administratrix, *v.* RIDINGS.

No. 11959. DECEMBER 16, 1937.

*A. W. Vandiviere* and *Joseph G. Collins,* for plaintiff in error.
*E. C. Brannon,* contra.

JENKINS, Justice. The sole question in this case is whether the plaintiff, claiming under a parol gift from her father, accompanied by seven years possession, in her ejectment suit against a subsequent vendee of her father, must show actual possession of the land in dispute, or whether she can rely on actual possession of some part of the premises, with resultant constructive possession of the

remainder. The suit is not one for specific performance against the father, and there are no allegations that any sort of valuable improvements were made on the strength of the parol gift. Therefore the action can not possibly be construed as under the Code, § 37-804. The plaintiff merely alleges a parol gift from the father of two 40-acre tracts, including the 10 acres in dispute, followed by seven years possession. By the language of the petition the case comes squarely within the provisions of the Code, § 48-106, as follows: "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there shall be evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title by the child." While it is true that the plaintiff, having alleged and having shown by disputed testimony an actual parol gift of the two tracts aggregating 80 acres, does not have to rely upon a *presumed* gift, as authorized by the Code, § 48-106, still, since she relies upon possession, and possession alone, to effectuate the otherwise invalid parol gift by her father, she is forced to depend and does in fact depend on the provisions of that section to validate a proved gift in parol, since ordinarily seven years possession will give a good prescriptive title only where there is "written evidence of title." Code, § 85-407. The court by its charge and the parties all have treated the action as one based on that section of the Code. The plaintiff donee by her counsel, in a motion for rehearing on the adverse judgment originally rendered by this court, uses this language: "The sole issues made by the pleadings were: did W. L. Hill give his daughter [the plaintiff donee] two lots of land aggregating 80 acres, and did she go into possession of the 80 acres and remain in possession 7 years, without payment of rents, or evidence of a loan, or claim of dominion by father, or disclaimer of title by Mrs. Ridings?" (the plaintiff). That counsel for the plaintiff thus correctly and wisely construed the petition framed by him is shown by the rulings of this court in *Howell* v. *Ellsberry,* 79 *Ga.* 475 (5 S. E. 96), *Bell* v. *Mention,* 152 *Ga.* 625 (110 S. E. 883), and *Doe* v. *Newton,* 171 *Ga.* 418, 422 (156 S. E. 25), where it was held that a gift followed by valuable improvements, while sufficient to maintain an action for specific performance against the donor, is *not* sufficient to support

an action in ejectment against a subsequent vendee of the donor. See, in this connection, *Stoddard* v. *Campbell*, 27 *Ga. App.* 363 (3) (108 S. E. 311). The evidence, as seems to be in terms conceded by what is said in the contrary opinion filed in this case, did not demand a finding that the 10-acre strip sued for, constituting part of the 80 acres, was ever in the "actual possession" of the plaintiff donee. The plaintiff in seeking to show possession of the entire 80 acres, including the 10 acres sued for, adduced testimony that she cultivated a part of the two 40-acre tracts, cleared about 2 acres, terraced and ditched about 6 to 10 acres, and put in pasture about 10 acres, all in the two lots; but the evidence showed that the 10 acres in controversy remained in woodland, and there was no evidence going to show any act of dominion or control over that particular tract, or how it lay with reference to the cultivated or improved lands. All that the opinion filed by my colleagues insists upon is that the plaintiff was in "actual possession of *part* of the two lots." (Italics mine.) The judge, while charging the law of both actual and constructive possession, refused the written request to charge that actual possession of the land sued for was necessary. Accordingly, as stated, there is just one naked question of law involved in this case: whether the seven years actual possession of a *part* of the two lots given by parol to the plaintiff by her father is sufficient to support an action in ejectment against the subsequent vendee of the father, to recover another part of the two lots, which disputed part the jury was authorized to find the plaintiff had never had in any sort of actual possession.

It would not seem to be open to question that "a parol gift of land, without more, is ineffectual to pass title to the donee." *Thaggard* v. *Crawford*, 112 *Ga.* 326, 328 (37 S. E. 367); *Thompson* v. *Ray*, 92 *Ga.* 285, 289 (18 S. E. 59); *Doe* v. *Newton*, supra. By the Code, § 48-106, however, seven years possession by a child will create a conclusive presumption of a gift, which it is not necessary to assume was in writing. *Johnson* v. *Griffin*, 80 *Ga.* 551 (2), 554 (7 S. E. 94). A fortiori, such a gift will be thus validated when it is proved to have been actually made. At common law but one sort of possession, that is, actual possession, was recognized. Our Code provides for an additional kind; that is, constructive possession. Possession, therefore, is either actual or constructive. It must be one or the other. Constructive possession

is not limited to just that portion of the premises which, by some method recognized by law, the claimant actually occupies, but, under our statutes, it extends to the boundaries of the tract, some portion of which is actually occupied. Under the Code and our decisions, and according to the textbooks, constructive possession must be based upon "paper title" (§§ 85-404, 85-407), which is "color of title." *Baxter* v. *Wetherington,* 128 *Ga.* 801, 803 (58 S. E. 467). Parol color of title, recognized by a minority of the States, has never received sanction in this State. *Acme Brewing Co.* v. *Central Ry. Co.,* 115 *Ga.* 494 (11), 504 (42 S. E. 8); *Street* v. *Collier,* 118 *Ga.* 470 (45 S. E. 294); 2 C. J. 170, and cit.; 2 C. J. S. 584, 585, 758, 759. "The essential elements of constructive possession are: 1. A writing describing the tract and purporting to confer title thereto upon the possessor, i. e. color of title. 2. Actual possession of some portion of the tract. 3. A claim of ownership over the portion not held in actual possession, as well as over that portion so held." Powell on Actions for Land, § 307, and numerous cases there cited.

If one without written evidence of title relies solely upon possession of realty to effectuate an otherwise invalid parol gift, under all the authorities and under every circumstance it would seem that actual possession must be shown. See *Watson* v. *Tindal,* 24 *Ga.* 494 (4), 503 (71 Am. D. 142). The evidence in this case is in conflict as to whether the subsequent purchaser for value, from the father, of the premises in dispute knew at the time of his purchase that the plaintiff claimed title by virtue of a previous parol gift; but what difference could it make if the donee's title was in fact invalid, because of a failure of seven years actual possession following the alleged parol gift, whether the defendant vendee knew or did not know of her claim by virtue of such a defective title? If the title was not in the child donee, it remained in the father, and the defendant acquired by written instrument of purchase all the title that the father actually had.

Upon the question as to what in fact constitutes actual possession there is much authority. It is here merely submitted that seven years actual possession after the alleged parol gift of land was required in order for the plaintiff to claim a good title such as would support an action of ejectment. As to what constitutes actual possession, see: *Hall* v. *Gay,* 68 *Ga.* 442; *Brewton* v. *Brew-*

*ton,* 167 *Ga.* 633 (146 S. E. 444); *Tillman* v. *Bomar,* 134 *Ga.* 660 (5) (68 S. E. 504); *Baker* v. *White,* 136 *Ga.* 541 (71 S. E. 871); *Walker* v. *Steffes,* 139 *Ga.* 520 (6, 7, 9-*b*) (77 S. E. 580); *May* v. *Sorrell,* 153 *Ga.* 47, 60 (111 S. E. 810); *Flannery* v. *Hightower,* 97 *Ga.* 592 (3) (25 S. E. 371); *Denham* v. *Holeman,* 26 *Ga.* 182 (3, 4, 6, 7), 190, 191 (71 Am. D. 198); *Elrod* v. *Bagley,* 154 *Ga.* 670 (115 S. E. 3); *McCook* v. *Crawford,* 114 *Ga.* 337 (40 S. E. 225); *Rock Run Iron Co.* v. *Heath,* 155 *Ga.* 95, 96-98 (116 S. E. 590); *Paulk* v. *Perry,* 44 *Ga. App.* 131 (3) (160 S. E. 681); Cox v. Hart, 260 U. S. 427, 433 (43 Sup. Ct. 154, 67 L. ed. 332); Booth *v.* Small, 25 Iowa, 177, 181; Latta *v.* Clifford, 47 Fed. 614; 2 C. J. 54 and cit.; Bouvier's Law Dictionary (Baldwin's Century ed.), 956.

The cases of *Sikes* v. *Seckinger,* 164 *Ga.* 96, and *Garbutt* v. *Mayo,* 128 *Ga.* 269 (supra), cited in the other opinion filed in this case, do not seem to be in conflict with the rulings here stated. In the first place, neither of those cases was similar in character to the instant case. Neither was a suit for land by a child based upon a parol gift accompanied by seven years possession under the Code, § 48-106. Each of the donees relied on a parol gift accompanied by valuable improvements. The *character* of the possession does not appear to have been raised or specifically dealt with. It does appear, however, in the *Sikes* case that the plaintiff set up "actual possession of the premises in dispute," and the court said (page 111), "if actual possession of this land was held," etc. In the *Garbutt* case, where the *defendant,* in pursuance of a parol gift of land, cleared a considerable portion thereof, built a residence, out-houses, and made other valuable improvements, the court held that *seven years* possession, although alleged in the petition, was not necessary to sustain the equitable defense against one seeking to eject the donee, but that possession for *any length of time* accompanied by valuable improvements put such an equity in the donee as would *defeat* ejectment. So far as the court indicated, in each of those cases the fact of actual possession may have been assumed. As to whether this court, in *Milton* v. *Milton,* 174 *Ga.* 92 (4) (162 S. E. 543), which was an equitable suit for specific performance (see same case, 169 *Ga.* 192, 149 S. E. 873), undertook to formulate a rule as to the character of the required possession, this opinion does not attempt to determine, since such a question or

case is not now before the court. It would seem clear, however, that in neither of the cases cited in the other opinion filed in this case is there an intimation that where, as here, reliance is had upon a gift in parol accompanied by possession, the doctrine of constructive possession, which applies only to a written instrument, could be given application, so as to extend the possession over any portion of the land not actually held. To apply the rule governing constructive possession to a mere gift by parol, without written color of title, would seem to nullify the plain provisions of the Code governing the rules of constructive possession, and would run counter to all our decisions which have ever dealt with that subject. Justices BELL and GRICE concur in the views here expressed.