KNIGHTON *v.* HASTY; *et vice versa.*

BELL, Chief Justice. 1. The deed to the plaintiff, purporting to convey lots 262 and 283 and "60 acres of west end of lot No. 284, and 20 acres of lot No. 261, all in 8th district of Quitman County, Georgia, known as the Robinson place," contained a sufficient description of the 20 acres, in view of the concluding phrase, "known as the Robinson place," since the identity of the land thus described could be

shown by other competent evidence. *McAfee* v. *Newberry*, 144 *Ga.* 473 (1) (87 S. E. 392); *Moore* v. *McAfee*, 151 *Ga.* 270 (5) (106 S. E. 274); *Nasworthy* v. *James*, 152 *Ga.* 368 (110 S. E. 7); *Dorsey* v. *Dorsey*, 189 *Ga.* 662 (2) (7 S. E. 2d, 273).

2. "Where the description is uncertain, reference may be made to prior deeds conveying the same land; and an entire tract of land may be described by a general name by which it is known." *McAfee* v. *Arline*, 83 *Ga.* 645 (a) (10 S. E. 441); *Stewart* v. *Latimer*, 197 *Ga.* 735 (2), 743 (30 S. E. 2d, 633).

3. Although the description in the deed to the plaintiff's grantor did not state that the land was known as the Robinson place, it did describe the part of lot 261 as being all of that lot lying south of Tobenannee Creek, and the next previous deed in the plaintiff's chain definitely described it in like manner, and further described all of the land conveyed as "embracing all that parcel of land known as the Robinson place and formerly belonging to J. T. Robinson, deceased."

(a) It thus appears from such previous deed that the Robinson place included all of lot of land 261 south of the named creek, and there being no evidence to the contrary, the deed to the plaintiff, which also described the entire tract as being known as the Robinson place, must be treated as a conveyance of all of lot 261 south of the creek (embracing the five-acre tract in controversy), notwithstanding it did not in express terms so state.

(b) Under the preceding rulings, the evidence demanded a finding that the Robinson place included all that portion of land in lot 261 lying south of Tobenannee Creek.

4. Where the other elements of prescription are present, adverse possession of land under written evidence of title for seven years will give a good title by prescription. Code, § 85-407. "Constructive possession of lands exists where one having paper title to a tract of land is in actual possession of only a part thereof. In such a case, the law construes the possession to extend to the boundary of the tract." Section 85-404. "Possession under a duly recorded deed will be construed to extend to all the contiguous property embraced therein." Section 85-405.

5. There is no contention that the plaintiff had not acquired title by prescription under color of title to the tract of land described as the Robinson place, whatever that might include; the only contention as to this phase being that the evidence was not sufficient to show that the Robinson place included the land in dispute. Under the preceding rulings, this contention is without merit. See, in this connection, *Furgerson* v. *Bagley*, 95 *Ga.* 516 (20 S. E. 241); *Baxter & Co.* v. *Wetherington*, 128 *Ga.* 801 (58 S. E. 467).

6. While the defendant introduced certain deeds, including a deed to himself which he contended embraced the land in controversy, each of these deeds was executed less than seven years before the instant suit was filed, and for this reason he could not claim prescriptive title thereunder; nor did he otherwise show any title to the tract in dispute. The verdict for the plaintiff was therefore demanded as a mat-

ter of law, and this being true, it is unnecessary to pass upon the special grounds of the motion for a new trial, assigning error upon the judge's charge, since the errors, if any, were harmless; the assignments of error on the admission of evidence having been expressly abandoned. Nor is it necessary to deal with other questions raised. *McGill* v. *Dowman*, 195 *Ga.* 357 (3) (24 S. E. 2d, 195).

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

Nos. 15357, 15362.   MARCH 4, 1946.

512

*Lowrey Stone,* for plaintiff in error.    *A. H. Gray,* contra.