## 35332. EDINGBURG et al. v. CITIZENS & SOUTHERN BANK OF MACON, INC.

MARSHALL, Justice.

The plaintiffs, beneficiaries under the will of Laura B. Greene, filed this suit under Code Ann. § 37-1411 (Ga. L. 1966, p. 443) to establish title to certain parcels of land in Bibb County and to remove clouds upon their title.

Property owned by the defendant executor's predecessor-in-title, John P. George, is adjacent to the property owned by the plaintiffs' testatrix, Laura Greene. The plaintiffs hold three deeds purporting to convey title to 53 acres. The plaintiffs claim ownership of 53 acres, consisting of four parcels labelled parcels A-D on a plat prepared by a surveyor hired by the plaintiffs. The defendant claims title to parcels B, C, and D, as shown on the plaintiffs' survey.

A special master appointed to hear the case ruled in favor of the defendant. His order was made the judgment of the court, and the plaintiffs appeal.

The evidence presented at the hearing before the special master fully authorized the special master in ruling that title to the disputed acreage is in the defendant. Although the property descriptions in the plaintiffs' deeds may have been sufficiently definite so as

to furnish a key to location of the property, thereby allowing the plaintiffs to introduce parol evidence to aid in the description, *Glover v. Newsome,* 132 Ga. 797 (65 SE 64) (1909), no such parol evidence was introduced. Therefore, the trial court properly concluded that the property descriptions in the plaintiffs' deeds are inadequate. Conversely, the property descriptions in the deeds in the defendant's chain of title are adequate. Notwithstanding the proof of record title in the defendant, it was also established that the defendant's predecessor in title had acquired prescriptive title to the property through adverse possession. See Code § 85-402; *Baxter & Co. v. Wetherington,* 128 Ga. 801 (58 SE 467) (1907).

Finally, we note that the special master ruled out parcels B, C, and D, as shown in the plaintiffs' survey. Parcels B and C were ruled out because it was shown that the plaintiffs' surveyor had platted these parcels of property based on unreliable maps and plats which had not been introduced in evidence, and not through his own survey of the property. On cross examination, the plaintiffs' surveyor admitted that he had added parcel D to his survey solely for the purpose of completing the 53 acres claimed by the plaintiffs.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 7, 1979 — DECIDED NOVEMBER 6, 1979.

*Randall & Bailey, William C. Randall,* for appellants.

*Jones, Cork, Miller & Benton, James M. Elliott, Jr.,* for appellee.